Nathan ARMSTRONG, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (HAINES & KIBBLEHOUSE, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 29, 2007.

Decided Aug. 27, 2007.

David R. Cherry, Media, for petitioner.

Audrey J. Copeland, King of Prussia, for respondent.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Nathan Armstrong (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a workers' compensation judge (WCJ) denying the Petition to Review a Utilization Determination filed by Dr. Peter Schatzberg (Provider). We affirm.

On February 7, 2005, Haines & Kibblehouse, Inc. (Employer) issued a Notice of Temporary Compensation Payable (NTCP) indicating that on December 7, 2004, Claimant sustained compensable in-

juries to his left lower arm and left shoulder, described as "Left distal radius fracture; Left shoulder tendonitis, bursitis, partial tears, subscap." Pursuant to this notice, Claimant began receiving benefits at the rate of $580 per week effective January 26, 2005.

On March 31, 2005, Employer issued a Notice Stopping Temporary Compensation and a Notice of Compensation Denial (NCD) indicating that while an injury took place, Claimant was not disabled as a result of his injury within the meaning of the Workers' Compensation Act (Act).[1]

On April 18, 2005, Claimant filed a Claim Petition alleging that on December 7, 2004, he sustained disabling injuries to his left shoulder, left hip, left wrist, left leg, neck, back and left foot. While this petition was pending, on October 13, 2005, Employer sought a Utilization Review of Claimant's chiropractic treatment with Provider. On November 23, 2005, Dr. Gregg Fisher prepared a Utilization Review Determination concerning Claimant's chiropractic treatment with Provider. Dr. Fisher concluded that none of Claimant's chiropractic treatment after August 22, 2005 was reasonable and necessary because "the submitted documentation does not show a continued and sustained improvement with continuation of treatment." On December 15, 2005, Provider's office filed a petition seeking review of Dr. Fisher's Utilization Review Determination.

Both Claimant's Claim Petition and Provider's Utilization Review Petition were assigned to the same WCJ for disposition, but were not consolidated. With regard to Claimant's Claim Petition, the WCJ found that on December 7, 2004, Claimant sustained compensable injuries to his left wrist, left shoulder, neck and low back. The WCJ further found that Claimant as a

---

1. Act of June 2, 1915, P.L. 736, *as amended,*   77 P.S. §§ 1–1041.4; 2501–2626.

result of his injuries was disabled from January 26, 2005 to date. By decision dated April 4, 2006, the WCJ granted Claimant's Claim Petition.

With regard to Provider's Petition to Review Utilization Review Determination, the WCJ found that Dr. Fisher's opinions were more credible than those presented by Dr. Raymond Wisdo, who treated Claimant at Provider's office. By decision dated July 6, 2006, the WCJ denied Provider's Petition to Review Utilization Review Determination. On July 17, 2006, Claimant appealed this decision to the Board.

Before the Board, Claimant argued that Employer was not legally permitted to seek Utilization Review of Claimant's treatment while denying the compensability of Claimant's work injury.[2] The Board determined that Employer acted correctly in requesting Utilization Review because Employer agreed that Claimant sustained an injury, but issued an NCD because it contested Claimant's disability status. Therefore, the Board concluded that Employer's option to seek review of Claimant's treatment was not foreclosed because Employer already admitted to the injury itself. By decision dated March 27, 2007, the Board affirmed the WCJ's decision.

■ Claimant now petitions for review with this Court.[3] Claimant presents the following questions for our review:

1. Does the filing of an NCD operate to acknowledge Claimant's work-related injuries.

2. Did Employer improperly request Utilization Review of Claimant's chiropractic treatment without first issuing a "medical only" NCP.

First, Claimant contends that the Board erred in determining that Employer acknowledged Claimant's work-related injuries by filing of an NCD. We disagree.

■ In general, an employer must issue an NCP or NCD within twenty-one days of notice of the injury. Section 406.1 of the Act, 77 P.S. § 717.1; *Johnstown Housing Authority v. Workers' Compensation Appeal Board (Lewis),* 865 A.2d 999 (Pa. Cmwlth.2005); *Lemansky v. Workers' Compensation Appeal Board (Hagan Ice Cream),* 738 A.2d 498 (Pa.Cmwlth.1999), *petition for allowance of appeal denied,* 563 Pa. 668, 759 A.2d 389 (2000). Pursuant to the Act, an employer is required to promptly investigate each injury reported or known to the employer and shall promptly commence payment of compensation due no later than the twenty-first day after the employer has notice or knowledge of employee's disability. Section 406.1(a) of the Act, 77 P.S. § 717.1(a). Alternatively, if the employer controverts the right to compensation it shall promptly notify the employee or his dependent, on a form prescribed by the Department stating the grounds upon which the right to compensation is controverted and shall forthwith furnish a copy or copies to the department no later than twenty-one days after notice or knowledge to the employer of employee's disability. Section 406.1(c) of the Act, 77 P.S. § 717.1(c); 34 Pa.Code § 121.13.[4] An employer may properly file

---

**2.** This issue was raised before the WCJ, but not addressed.

**3.** This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings

of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995).

**4.** This section provides:

If compensation is controverted, Notice of Workmen's Compensation Denial, Form

an NCD when, although it acknowledges that a work-related injury has occurred, there is a dispute regarding the claimant's disability. *Johnstown; Darrall v. Workers' Compensation Appeal Board (H.J. Heinz Co.)*, 792 A.2d 706 (Pa.Cmwlth. 2002). On the NCD form prescribed by the Department—LIBC–496, the employer is given the option of acknowledging the occurrence of a work-related injury but declining to pay workers' compensation benefits because the employee is not disabled as a result of his injury within the meaning of the Act. *Bisel's Pennsylvania Workers' Compensation Lawsource* at p. 1071 (12th ed.2007).

Where an employer is uncertain whether a claim is compensable or is uncertain of the extent of its liability under the Act, the employer may comply with the Act by initiating compensation payments without prejudice and without admitting liability pursuant to an NTCP. Section 406.1(d) of the Act, 77 P.S. § 717.1(d). This subsection was added to give an employer the option of issuing an NTCP when it needs more than twenty-one days in order to investigate a claim and determine its position with regard to the claim's compensability. *Gereyes v. Workers' Compensation Appeal Board (New Knight, Inc.)*, 793 A.2d 1017 (Pa.Cmwlth.2002), *petition for allowance of appeal denied*, 572 Pa. 768, 819 A.2d 549 (2003). Although an employer may controvert the claim at any time after issuing the NTCP, the employee is entitled to a maximum of 90 days of temporary compensation at the rate fixed in the notice until such time as the employer issues timely notices of stopping compensation and compensation denial as set forth in subsection (d)(5) and (6). *Id.*

Here, Employer issued a NTCP acknowledging Claimant's injury of December 7, 2004 and initiated payments. The NTCP defined the nature of the injury sustained as "left distal radius fracture, left shoulder tendonitis, bursitis, partial tears, subscap." Reproduced Record (R.R.) at 3a. Employer then issued a Notice Stopping Temporary Compensation and an NCD. The NCD indicates that Employer was disputing the length and extent of the disability, i.e. loss of earning power, not the occurrence or the nature of the actual injury. The NCD provides, "[a]lthough an injury took place, the employee is not disabled as a result of this injury within the meaning of the Act." R.R. at 5a–6a. We, therefore, conclude that the Board did not err in determining that the injury itself was clearly and legally acknowledged and accepted by Employer.

Next, Claimant contends that the WCJ erred by permitting Employer to seek Utilization Review of Claimant's chiropractic treatment with Provider without first issuing a "medical only" NCP. We disagree.

Generally, utilization review can only be conducted once an injury has been accepted by the employer or after the insurer has begun paying for medical treatments. 34 Pa.Code § 127.405; *Krouse v. Workers' Compensation Appeal Board (Barrier Enterprises, Inc.)*, 837 A.2d 671 (Pa.Cmwlth. 2003). Section 127.405 of the Pennsylvania Code provides:

(a) In medical only cases, when an insurer is paying for an injured worker's medical treatment but has not either filed documents with the Bureau admit-

LIBC–496, shall be sent to employe or dependent fully stating the grounds upon which the right to compensation is controverted, with a copy to the Department of Labor and Industry, no later than 21 days after notice or knowledge to the employer of employe's disability or death.
34 Pa.Code § 121.13.

ting liability for a work-related injury nor has there been a determination to the effect, the insurer may still seek review of the reasonableness or necessity of the treatment by filing a request for UR.

34 Pa.Code § 127.405. The purpose of the utilization review process is:

> to encourage payment of medical bills in cases that are treated, at least initially, as medical only. Were insurers unable to avail themselves of the UR process, they might well be less inclined to pay, voluntarily, for medical treatment, thus, resulting in more litigation. The present system encourages payment of medical bills by providing insurers with a method to limit payments where they believe treatment becomes unnecessary and unreasonable.

*Krouse*, 837 A.2d at 675.

Before utilization review can be requested, the nature of the injury must be established and acknowledged by Employer. This can be done by an employer by issuing an NCP, including a "medical only" NCP,[5] by which an employer can accept liability for the injury, not the loss of earning power. *Orenich v. Workers' Compensation Appeal Board (Geisinger Wyoming Valley Medical Center)*, 863 A.2d 165 (Pa.Cmwlth.2004), *petition for allowance of appeal denied*, 584 Pa. 682, 880 A.2d 1242 (2005); *Waldameer Park, Inc. v. Workers' Compensation Appeal Board (Morrison)*, 819 A.2d 164 (Pa.Cmwlth. 2003); *see Lemansky.*

In *Waldameer Park*, we held that regardless of whether an employer acknowledged an injured, but not disabled, employee's injuries by paying his or her medical bills, the employer was still required to issue either an NCP or NCD pursuant to Section 406.1(a) of the Act.

Therein, the claimant had sustained an injury to her hand but did not miss any time from work. Her employer did not issue an NCP or NCD because she had not suffered any loss of wages and it had paid all of her medical bills. The claimant eventually filed a claim petition which was granted, along with attorneys' fees for an unreasonable contest. The employer argued that the attorneys' fees were erroneously granted because there was no evidence of wage loss or unpaid medical bills and because it had reason to challenge the extent of the claimant's work-related injuries. It also argued that it did not have to issue an NCP for these same reasons. We opined that because it was uncontroverted that the claimant suffered an injury, the proper course of action would have been for the employer to issue a "medical only" NCP. *Waldameer Park*, 819 A.2d at 170. Then, the employer could challenge any future medical bills it thought were unreasonable or not causally related to the injury or any wage loss benefits it thought were unwarranted rather than forcing the claimant to file a claim petition prior to the expiration of the three-year statute of limitations for the purpose of preserving her right to any future benefits. *Id.*

In *Orenich*, this Court explained:

> Having an NCP acknowledging the injury fixes the nature of the injury for both the employer and the claimant, allows for utilization review of treatment, and keeps the burden of proof on the proper party to prove what otherwise would not be possible without an NCP.

*Orenich*, 863 A.2d at 170. We instructed that employers are now required to utilize the "medical only" option on the NCP where the employer chooses to pay for

5. The "medical only" option on the NCP was created by the Department in 2004.

medicals only, but not for wage loss for any disability. *Id.* at 169 n. 5.

In this case, Employer, while choosing to pay for medicals only, did not file a "medical only" NCP. Instead, Employer issued an NTCP, which fully described the injury, followed by an NCD, which while contesting the claim for loss of earning power, did acknowledge and accept the injury previously described in the NTCP. Employer utilized this procedure due to the initial uncertainty as to whether Claimant's injury amounted to a loss of earning power. While employer could have issued a medical only NCP, the issuance of a NTCP followed by an NCD, challenging the length and extent of disability, not the injury itself, was proper under the circumstances, and ultimately served the same objective as filing a medical only NCP— accepting liability for the medical component of the work injury. As an NTCP was initially issued, there is a clear record and full description of the injury. This fact separates this case from *Orenich, Waldameer Park* and *Lemansky,* where the nature of the injury was never established,[6] and therefore the issuance of a medical only NCP was necessary in order for the employer to seek utilization review.[7] The procedure followed by Employer is in ac-

cord with the Act and served to put Claimant on notice of the parameters of Employer's acceptance of the work injury, thereby satisfying the concerns raised in *Orenich* and the purpose of the Act. Having legally recognized the existence of an injury, the nature of which had been fully described on the NTCP, Employer was entitled to seek utilization review of the treatment provided without filing a medical only NCP. We, therefore, conclude that the WCJ did not err in determining that Employer was entitled to seek a utilization review.

Accordingly, the order of the Board is affirmed.

### *ORDER*

AND NOW, this 27th day of August, 2007, the order of the Workers' Compensation Appeal Board, at No. A06–1718, dated March 27, 2007, is AFFIRMED.

---

**6.** In *Orenich,* the employer never issued an NCP, NTCP or NCD within twenty-one days of notice of the injury, but paid the claimant's medical expenses; five months after notice of the injury, the employer issued an NCD refusing to pay certain medical bills because it believed they were unrelated to her work-related injury. In *Lemansky* and *Waldameer Park,* the employers never filed any type of

response when notified of the claimants' injuries.

**7.** Had Employer not issued an NTCP, we would agree that the nature of Claimant's work injury was not established by the NCD and therefore Employer would not be entitled to a request of utilization review.