**FORBES ROAD CTC, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CONSLA), Respondent.**

**Thomas Consla, Petitioner**

v.

**Workers' Compensation Appeal Board (Forbes Road CTC), Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 19, 2010.
Decided May 27, 2010.
Reargument Denied En Banc
July 21, 2010.

Kelly J. Dollins, Washington, for designated petitioner, Thomas Consla.

David H. Dille, Pittsburgh, for respondent.

Lawrence R. Chaban, Pittsburgh, for amicus curiae, Pennsylvania Association for Justice.

BEFORE: SIMPSON, Judge, BUTLER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge BUTLER.

Thomas Consla (Claimant) and Forbes Road CTC (Employer)[1] seek review of the April 10, 2009 order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ) granting Claimant's claim petition, suspending benefits, granting Claimant's penalty petition in part, and granting in part Claimant's demand for unreasonable contest fees. Claimant presents one issue for this Court's review: whether the Board erred in concluding Employer properly issued a Notice of Compensation Denial (NCD) to accept Claimant's work injury for medical purposes only,[2] and in concluding that the contest of Employer was only partially unreasonable, and in limiting the award of attorney fees under Section 440 of the Pennsylvania Workers' Compensation Act (Act)[3] on that basis. The issue presented by Employer, on the other hand, is whether the Board erred in affirming the WCJ's assessment of penalties against Employer.

For reasons that follow, we affirm the Board's order.

On February 22, 2007, Claimant sustained a work injury while working as a teacher for Employer. On March 14, 2007, Employer issued an NCD indicating that investigation was ongoing, pending receipt of medical documentation. On April 4, 2007, Employer issued a Corrected NCD indicating that although an injury took place, Claimant was not disabled.

On October 29, 2007, Claimant filed a claim petition seeking medical bills and unreasonable contest attorney fees. A hearing was held on November 27, 2007, and an interlocutory order was issued by the WCJ on November 28, 2007 stating that Claimant's claim, on an interim basis, is awarded and at once suspended. On January 22, 2008, Employer issued a medical only Notice of Compensation Payable (NCP). Employer and Claimant subsequently signed an Agreement for Compensation (AFC).

On July 14, 2009, the WCJ determined that Employer did not violate the Act by issuing a qualified NCD and the medical only NCP, but ordered Employer to pay a penalty to Claimant based on the delay with the AFC, and found a reasonable contest regarding the claim petition, but not the penalty petition. Claimant and Employer appealed to the Board. On April 10, 2008, the Board affirmed the WCJ. Claimant and Employer appealed to this Court.[4]

1. By order filed May 26, 2009, this Court consolidated cross petitions for review filed at Nos. 919 C.D. 2009 and 920 C.D. 2009.

2. On October 7, 2009 Claimant requested oral argument. On October 26, 2009, this Court granted oral argument in part, on the sole issue of whether an employer may properly issue an NCD to accept a claimed work injury for medical purposes only. This opinion addresses both the argued issue as well as the issue submitted on briefs.

3. Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996.

4. "This Court's review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence." *Bureau of Workers' Comp. v. Workers' Comp. Appeal*

Claimant argues that Employer should not have been permitted to issue an NCD to accept Claimant's work injury for medical purposes only. Specifically, he argues that in using an NCD rather than an NCP, a claimant's rights are not protected because a specific injury description is not accepted. He further argues that the only time an NCD can be used for "medical only" purposes is when it is controverted, and the matter controverted must be stated. Claimant contends that was not the case here. In addition, Claimant argues that although this Court found use of a qualified NCD acceptable in *Armstrong v. Workers' Compensation Appeal Board (Haines & Kibblehouse, Inc.)*, 931 A.2d 827 (Pa.Cmwlth.2007) *(Armstrong)*, the case relied upon by Employer, *Armstrong* is factually and legally distinguishable. First, Claimant contends that in *Armstrong,* the initial form issued by the employer was a Notice of Temporary Compensation Payable (NTCP) which allows for a description of injury and is an unequivocal acknowledgement that the specific injury occurred. As opposed to here, where the initial form issued by Employer was an NCD, indicating the "alleged injury," a statement which is equivocal and not binding. Second, Claimant contends that the legal issue in *Armstrong* concerned the employer's rights, but the legal issue here concerns the Claimant's rights. We do not agree with Claimant's position.

■ Initially, we recognize that this Court has held that the nature of the injury must be established and acknowledged by an employer, which can be done by issuing an NCP, including a "medical only" NCP, by which an employer can accept liability for an injury, but not a loss of earning power. *Orenich v. Workers' Comp. Appeal Bd. (Geisinger Wyoming Valley Med. Ctr.),* 863 A.2d 165 (Pa.

Bd. (Consol. Freightways, Inc.), 876 A.2d

Cmwlth.2004); *Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison),* 819 A.2d 164 (Pa.Cmwlth.2003); and *Lemansky v. Workers' Comp. Appeal Bd. (Hagan Ice Cream Co.),* 738 A.2d 498 (Pa. Cmwlth.1999). However, the Court expanded that holding in *Armstrong* and held:

> An employer may properly file an NCD when, although it acknowledges that a work-related injury has occurred, there is a dispute regarding the claimant's disability. On the NCD form prescribed by the Department ... the employer is given the option of acknowledging the occurrence of a work-related injury but declining to pay workers' compensation benefits because the employee is not disabled as a result of his injury within the meaning of the Act.

*Id.* at 829–30 (citations omitted). Notwithstanding the factual and legal distinctions between the cases, this is the current state of the law. The NCD form for medical only is currently being distributed by the Board and is an acceptable means of accepting an injury for medical purposes only. Accordingly, we hold an employer may properly issue an NCD to accept a claimed work injury for medical purposes only. Thus, the Board did not err in concluding that the contest of Employer was only partially unreasonable, and in limiting the award of attorney fees under Section 440 of the Act on that basis.

■ Employer argues that the Board erred in affirming the WCJ's penalty assessment against Employer because the WCJ did not specifically designate the portion of the Act violated. We disagree.

> Pursuant to Section 435 of the Act, 77 P.S. § 991(d), a WCJ is authorized to impose penalties for violations of the Act. The assessment of penalties, as

1069, 1071 n. 1 (Pa.Cmwlth.2005).

well as the amount of penalties imposed, is discretionary, and absent an abuse of discretion by the WCJ, this Court will not overturn a penalty on appeal. An abuse of discretion is not merely an error of judgment but occurs, *inter alia,* when the law is misapplied in reaching a conclusion.

*Westinghouse Elec. v. Workers' Comp. Appeal Bd. (Weaver),* 823 A.2d 209, 213–14 (Pa.Cmwlth.2003) (citations omitted). The Act specifically provides for prompt payment of compensation. Section 406.1 of the Act.[5] Here, not only was Claimant out of work as of December 11, 2007, giving Employer notice that payment of compensation was warranted, the WCJ issued orders directing prompt payment of compensation to Claimant. Thus, Employer's delayed payment was clearly a violation of the Act. Moreover, the WCJ did specifically designate the portion of the Act violated by Employer in paragraph 4 of his Conclusions of Law. Reproduced Record at 10a. Accordingly, the Board did not err in affirming the WCJ's assessment of penalties against Employer.

For all of the above reasons, the order of the Board is affirmed.

Judge COHN JUBELIRER did not participate in the decision in this case.

### ORDER

AND NOW, this 27th day of May, 2010, the April 10, 2009 order of the Workers' Compensation Appeal Board is affirmed.

---

**5.** Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1.