**SECURITAS SECURITY SERVICES USA, INC., Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SCHUH), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 2010.

Decided April 4, 2011.

Kurt C. Walsh, Scranton, for petitioner.

---

Thomas E. Lucas, Jr., Scranton, for respondent Angela Schuh.

BEFORE: LEADBETTER, President Judge, and McGINLEY, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and BROBSON, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge McCULLOUGH.

Securitas Security Services USA, Inc. (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ) to grant the review petition filed by Angela Schuh (Claimant).[1] We reverse.

Claimant suffered a work related back injury on November 30, 2004, when she stepped on a stool, lost her balance and fell. Employer issued a notice of temporary compensation payable (NTCP) accepting liability for a "lower back strain." (Reproduced Record (R.R.) at 3a.) Claimant received wage loss benefits in the amount of $293.13 per week, based on an average weekly wage of $325.70. (R.R. at 5a.) The NTCP converted to a notice of compensation payable (NCP) by operation of law.[2]

In October 2005, Claimant sought treatment from Matthew Berger, M.D. Dr. Berger diagnosed Claimant as suffering from a major depressive disorder, and his treatment plan included psychotherapy and certain medications. (R.R. at 20a–22a.) On May 5, 2006, Employer filed a utilization review (UR) request seeking prospective review of all future treatment provided to Claimant by Dr. Berger. (R.R. at 16a–17a.) The UR determination rendered July 7, 2006, found that all of the health care reviewed was reasonable and necessary, (LIBC–604, R.R. at 18a–19a), and Employer did not appeal.

On July 30, 2007, Claimant filed a review petition seeking to amend the description of the work injury to include diagnoses of depression and anxiety. Employer filed a responsive answer, and the matter was assigned to the WCJ for hearings.[3]

 Claimant did not testify or present evidence in support of her petition[4] but merely averred that Employer was estopped from denying liability for the psychological injuries by virtue of the unappealed UR determination. The parties submitted briefs on that issue, and, by order dated June 4, 2008, the WCJ granted Claimant's petition. Relying on *Krouse*

1. The order appealed from was rendered June 1, 2009, and made final by the Board's order of February 22, 2010. *See Shuster v. Workers' Compensation Appeal Board (Pennsylvania Human Relations Commission),* 745 A.2d 1282 (Pa.Cmwlth.2000) (holding that when the Board remands a case to a workers' compensation judge and a new decision is issued, a party must follow normal procedure and appeal to the Board before seeking review from this court; the party can then file a motion with the Board requesting that the Board make its previous order final).

2. Section 406.1 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 717.1.

3. Employer subsequently filed a modification petition seeking to modify Claimant's benefits from total to partial disability based upon a July 11, 2007, IRE report. The two petitions were consolidated, but, in the interest of judicial economy, the parties stipulated to the dismissal of the modification petition without prejudice to Employer's right to refile following a final decision on Claimant's review petition.

4. A claimant bears the burden of proving a causal relationship between a subsequently claimed condition and the accepted work injury. *Degraw v. Workers' Compensation Appeal Board (Redner's Warehouse Markets, Inc.),* 926 A.2d 997 (Pa.Cmwlth.2007).

*v. Workers' Compensation Appeal Board (Barrier Enterprises, Inc.)*, 837 A.2d 671 (Pa.Cmwlth.2003), the WCJ concluded that Employer could not avoid the effect of an adverse UR determination that it did not appeal. The WCJ further stated that, by availing itself of the UR process, Employer effectively acknowledged that Claimant's psychological treatment was related to her work injury. Accordingly, the WCJ amended the description of Claimant's work injury to include "work-related mental/physical injuries in the nature of depression and anxiety." (WCJ's decision at 4.)

Employer appealed to the Board, which concluded that all of the elements of collateral estoppel were satisfied and affirmed that part of the WCJ's decision granting Claimant's review petition.[5] The Board

also observed that generally, an employer must acknowledge a work injury before UR may be requested.[6] The Board noted that Employer here had not formally accepted or denied liability for Claimant's depression and anxiety, but the Board concluded that Employer effectively acknowledged liability for Claimant's psychological condition by paying for related medical expenses and taking advantage of the Act's UR scheme.

▮ On appeal to this Court,[7] Employer first argues that the WCJ erred in relying on *Krouse* and applying the doctrine of collateral estoppel in this case. In *Krouse*, we held that a claimant who had not appealed a UR determination that her chiropractic care was not reasonable or necessary was barred from pursuing payment

---

**5.** Although the Board upheld the grant of Claimant's review petition, the Board reversed and remanded the WCJ's decision with respect to Employer's modification petition. On remand, the modification petition was dismissed after the parties executed a stipulation of facts, which was adopted by the WCJ in a decision and order dated September 25, 2009. Employer again appealed to the Board, and the Board's February 22, 2010, order made its previously issued order affirming the grant of Claimant's review petition final.

**6.** The Board cited *Armstrong v. Workers' Compensation Appeal Board (Haines & Kibblehouse, Inc.)*, 931 A.2d 827 (Pa.Cmwlth.2007), in which we stated that "[b]efore utilization review can be requested, the nature of the injury must be established and acknowledged by Employer. This can be done by an employer by issuing an NCP, including a 'medical only' NCP,[1] by which an employer can accept liability for the injury, not the loss of earning power." *Id.* at 831 (footnote and citations omitted). The employer in *Armstrong* filed an NTCP and then a notice of compensation denial which acknowledged the work injury but denied the claim for wage loss benefits. We rejected the claimant's argument that the employer could not seek UR review because it did not file a medical only NCP, explaining that the forms filed by the

employer ultimately served the same purpose and provided a clear record and full description of the injury. We further stated that, "[h]aving legally recognized the existence of an injury, the nature of which had been fully described on the NTCP, Employer was entitled to seek utilization review of the treatment provided without filing a medical only NCP." *Id.* at 832. We note that *Armstrong* is in accord with prior decisions holding that an employer is not entitled to seek UR review if the nature of the claimant's work injury has not been established.

We note that, in accordance with the general rule that the nature of an injury must be established before UR may be requested, Employer *has* accepted liability for a work injury in this case. While the Board stated that Employer had not formally accepted or denied liability for Claimant's depression or anxiety, the Board overlooked Employer's acknowledgement that Claimant suffered a work-related "lower back strain" on November 30, 2004.

**7.** Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

for the same medical treatment in a subsequently filed review petition where she was suing for the same relief in both proceedings, the cost of her chiropractic care. As we explained in *Krouse*, the judgment in a prior action operates as an estoppel in a second action only as to those issues that: (1) are identical; (2) were actually litigated; (3) were essential to the judgment; and (4) were material to the adjudication. *Id.*; *Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Co.),* 88 Pa.Cmwlth.76, 488 A.2d 1177 (1985).

The critical issue presented by Claimant's review petition is whether Claimant's depression and anxiety are causally related to the 2004 work-related back injury. That issue was not identical, litigated, essential or even relevant to the UR determination. In fact, in relevant part, 34 Pa.Code § 127.406 (emphasis added) expressly provides that:

> (a) UROs shall decide only the reasonableness or necessity of the treatment under review.
>
> (b) UROs *may not decide* any of the following issues:
>
> (1) The *causal relationship* between the treatment under review and the employe's work-related injury.

Accordingly, the WCJ erred in concluding that collateral estoppel is applicable here. *See Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery),* 677 A.2d 1314 (Pa.Cmwlth.1996).[8]

■ Employer also argues that neither the payment of medical expenses nor the filing of a UR request establishes a causal relationship between a medical condition and a claimant's work injury. We agree.

It is well-settled that an employer's voluntary payment of the employee's medical expenses is not an admission of liability. *Findlay Township v. Workers' Compensation Appeal Board (Phillis),* 996 A.2d 1111 (Pa.Cmwlth.2010); *Bailey v. Workers' Compensation Appeal Board (ABEX Corp.),* 717 A.2d 17 (Pa.Cmwlth.1998). The claimant in *Bailey* argued that her employer should be barred from litigating whether the claimant's surgeries were related to the initial work injury because the employer had accepted liability for the work injury, had never contested the causal relationship of the surgeries to that injury and, in fact, had paid for the surgeries. We held that an employer's voluntary payment of a claimant's medical bills should not be considered an admission of liability, explaining that a contrary holding would force employers to abandon a long established practice that benefits injured employees.

More important, nothing in our case law or applicable cost containment regulations suggests that the mere filing of a UR request imposes liability on an employer for a specific injury. Further, although this is not a medical only case, we note that 34 Pa.Code § 127.405[9] recognizes

---

**8.** In *Bloom,* we rejected a claimant's contention that a final decision by this Court on appeal of termination and review petitions would directly impact a UR decision pending before the Board, noting that the above quoted language clearly recognizes a distinction between issues concerning causation and issues concerning the reasonableness and necessity of treatment.

**9.** 34 Pa.Code § 127.405 states as follows:

(a) In medical only cases, when an insurer is paying for an injured worker's medical treatment but has not either filed documents with the Bureau admitting liability for a work-related injury nor has there been a determination to that effect, the insurer may still seek review of the reasonableness or necessity of the treatment by filing a request for UR.

that there is a distinction between paying medical expenses and accepting a work injury by specifically allowing an employer to request utilization review in a medical only case even where there has not been an acknowledgment or determination of liability for a work-related injury, with the caveat that the insurer shall be liable to pay for treatment found to be reasonable or necessary by an uncontested UR determination.

Based on the foregoing, we conclude that the Board erred in affirming the WCJ's decision to grant Claimant's review petition based solely on the unappealed UR determination. Accordingly, we reverse.

## ORDER

AND NOW, this 4th day of April, 2011, the order of the Workers' Compensation Appeal Board is reversed.

(b) If the insurer files a request for a UR in a medical only case, the insurer is responsible for paying the costs of the UR.
(c) If the insurer files a request for UR in a medical only case, then the insurer shall be liable to pay for treatment found to be reasonable and necessary by an uncontested UR determination.
34 Pa.Code § 127.405.