# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael O'Connor,                          :
                  Petitioner       :
                                   :
              v.                           :   No.  1635 C.D. 2016
                                   :   SUBMITTED:  March 3, 2017
Workers' Compensation Appeal      :
Board (Laminations, Inc.),              :
                  Respondent      :


**BEFORE:**    **HONORABLE ROBERT SIMPSON, Judge**
                    **HONORABLE MICHAEL H. WOJCIK, Judge**
                    **HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge**


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                                 **FILED:  August 25, 2017**


           Michael O'Connor, Claimant, petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of a Workers' Compensation Judge (WCJ) granting Claimant's claim petition filed against Employer Laminations, Inc., but denying his penalty petition.  We affirm.

           Claimant has worked for Employer since 1986.  A fork lift operator, he sustained a work-related lower back injury in March 2013 while changing the forks on his fork lift.  He reported the injury and received medical treatment from a panel provider.  In a March 25, 2013, notice of temporary compensation payable (NTCP), Employer acknowledged the injury as a lower back area strain and provided compensation at the weekly rate of $565.11 based on an average weekly wage of $847.66.  Pursuant to a notice of ability to return to work, Claimant returned to work in a modified-duty capacity as a sheet counter on May 20, 2013, and worked forty-hour weeks at an hourly wage of $13.44.  After the end of an

eight-hour shift, Claimant's back hurt. WCJ's April 30, 2015, Decision, Finding of Fact (F.F.) No. 5.[1] Employer permitted him to lie down, stretch, and get up and walk around during the workday. *Id*.

On May 22, 2013, Employer issued both a notice of compensation denial (NCD), acknowledging a work injury but contesting the extent of disability, and a notice stopping temporary compensation payable (NSTCP). *Id*., Nos. 3 and 5. On June 18, 2013, Claimant filed a claim petition alleging lumbar disc injuries with left leg radiculopathy. On July 25, 2013, Claimant filed a penalty petition alleging that Employer violated the Workers' Compensation Act[2] by improperly issuing the NCD. Also on July 25, 2013, Employer notified Claimant that overtime was available and directed him to contact his immediate supervisor for assignments. *Id*., Nos. 5 and 13. Claimant's supervisor testified that overtime was available on a volunteer basis seven days per week but not mandated. *Id*., No. 6. In electing not to request any overtime assignments, Claimant consulted Leroy J. Pelicci, M.D., who allegedly had limited Claimant's work activities to forty hours per week. *Id*., Nos. 5, 6 and 14. On July 29, 2013, Employer issued a medical-only NCP once again acknowledging Claimant's injury as a "lower back area strain." *Id*., Nos. 3 and 5.

In support of his petitions, Claimant testified and presented the deposition testimony of Dr. Pelicci, a board-certified neurologist who first treated him in June 2013. The WCJ credited Claimant's testimony regarding his work injury, his subsequent medical treatment, and return to work in a modified-duty

---

[1] In Finding of Fact No. 5, the WCJ recited that Claimant testified that his back hurt at the end of the day. In view of the WCJ's subsequent acceptance of Claimant's testimony, *inter alia*, regarding his return to work in a modified-duty capacity, we conclude that the WCJ credited his testimony regarding his back pain. *See* F.F. No. 16 (fact-finding where the WCJ accepted Claimant's testimony on specific subjects as credible and persuasive).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1 - 1041.4, 2501 - 2708.

2

capacity. *Id.*, No. 16. Further, the WCJ accepted Dr. Pelicci's testimony that Claimant suffered from a lumbar injury and aggravation of a pre-existing condition, but rejected his testimony that he limited Claimant to working a forty-hour week. *Id.*, No. 19. In rejecting that part of the doctor's testimony, the WCJ found Dr. Pelicci's recollections to be inconsistent with the record and noted that the documentation that Claimant provided to Employer from the doctor did not include that limitation. *Id.* Specifically, the WCJ found that the July 25, 2013, note that Claimant submitted from Dr. Pelicci limited the employee to working eight hours per day. *Id.*, No. 14.

Employer offered the testimony of Claimant's supervisor and Allister Williams, M.D., a board-certified orthopedic surgeon who examined Claimant in August 2013. The WCJ credited the testimony of Claimant's supervisor that he discussed the availability of overtime with Claimant, that he explained to Claimant that it was available seven days per week, and that Claimant never requested any overtime assignments. *Id.*, No. 17. Additionally, the WCJ accepted Dr. Williams' testimony to the extent that he acknowledged Claimant's work injury as a lumbar sprain/strain and possible aggravation of a pre-existing condition. *Id.*, No. 19.

In rendering his decision, the WCJ determined that Claimant established grounds for his claim petition and awarded him "benefits for a work injury described as a lower back strain with aggravation of pre-existing degenerative condition." *Id.*, Conclusion of Law No. 2. In so doing, the WCJ concluded:

> Claimant is entitled to temporary total disability benefits from March 7, 2013 until his return to work on May 20, 2013 at which time [he] is entitled to temporary partial disability benefits. [His] wage loss benefits should be suspended after July 25, 2013 based upon the availability of overtime.

*Id*. In addition, the WCJ denied Claimant's penalty petition, determining that there was a reasonable basis for the contest. The Board affirmed and Claimant's petition for review followed.

Claimant presents three issues on appeal: (1) whether the WCJ erred in suspending benefits effective July 25, 2013, based on the availability of overtime; (2) whether the WCJ erred in determining that there was a reasonable contest; and (3) whether the WCJ erred in concluding that there was no merit to Claimant's penalty petition based on Employer's issuance of the NCD. We turn to the first issue.

Regarding the suspension of benefits as of the date overtime became available, Claimant alleges that the WCJ erred in failing to shift the burden of proof on Employer to establish a change in his physical condition and the availability of work within his restrictions pursuant to *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 532 A.2d 374 (Pa. 1987). We disagree.

In a claim petition proceeding, the claimant bears the burden of establishing his or her right to compensation and all of the elements necessary to support an award of benefits, including the duration and extent of the disability alleged. *Rife v. Workers' Comp. Appeal Bd. (Whitetail Ski Co.)*, 812 A.2d 750, 754-55 (Pa. Cmwlth. 2002). The claimant's burden encompasses proof that the work injury continues to cause disability throughout the pendency of the claim petition. *Innovative Spaces v. Workmen's Comp. Appeal Bd. (DeAngelis)*, 646 A.2d 51, 54 (Pa. Cmwlth. 1994).

In the present case, the claim petition was still pending when overtime became available and the burden never shifted to Employer to establish a change in Claimant's physical condition and the availability of work. As previously noted: "[T]he claimant's burden to prove disability never shifts to the employer and this

4

burden remains with the claimant throughout the pendency of the claim petition." *Potere v. Workers' Comp. Appeal Bd. (Kemcorp)*, 21 A.3d 684, 690 (Pa. Cmwlth. 2011). Moreover, "[e]ven when an employer issues a notice of compensation denial which acknowledges an injury but disputes disability, the claimant maintains the burden to prove he is entitled to benefits." *Id*.

Here, the WCJ did not find Dr. Pelicci credible regarding his alleged imposition of a forty-hour work week limitation and observed that the evidence viewed as a whole undermined the doctor's recollections.[3] F.F. No. 19. In that regard and mindful that Claimant bore the burden of proof, the WCJ found: "Claimant's contention that he was restricted to working 40 hours per week is rejected as inconsistent with the medical release that he provided to the Employer on July 25, 2013. . . . The credible evidence of record fails to establish that Claimant could not work overtime in the modified duty position." *Id*., No. 18. Accordingly, in light of the fact that Claimant failed to establish ongoing and continuing disability which precluded him from working overtime, the burden never shifted to Employer to undertake the burdens set forth in *Kachinski*. We turn now to whether the WCJ erred in determining that there was a reasonable contest.

Pursuant to Section 440(a) of the Act,[4] 77 P.S. § 996(a): "[W]here a claimant succeeds in a litigated case reasonable counsel fees are awarded against the employer, as a cost, unless the employer meets its burden of establishing facts sufficient to prove a reasonable basis for the contest." *U.S. Steel Corp. v. Workers'*

---

[3] A WCJ as the ultimate fact finder is free to accept or reject the testimony of any witness, including medical witnesses, in whole or in part. *Milner v. Workers' Comp. Appeal Bd. (Main Line Endoscopy Ctr.)*, 995 A.2d 492, 496 (Pa. Cmwlth. 2010). Determinations of credibility and evidentiary weight are within the WCJ's exclusive province. *Ward v. Workers' Comp. Appeal Bd. (City of Phila.)*, 966 A.2d 1159, 1164 (Pa. Cmwlth. 2009). Neither this Court nor the Board in their appellate capacities is entitled to reassess the credibility of witnesses or to reweigh their testimony.

[4] Section 440 was added by the Section 3 of the Act of February 8, 1972, P.L. 25.

*Comp. Appeal Bd. (Luczki)*, 887 A.2d 817, 820 (Pa. Cmwlth. 2005). The award of attorney's fees is mandatory under Section 440(a) unless the employer meets its burden. *Yeagle v. Workmen's Comp. Appeal Bd. (Stone Container Corp.)*, 630 A.2d 558, 559 (Pa. Cmwlth. 1993). In determining whether a contest is reasonable, we must look to the totality of the circumstances. *Eidell v. Workmen's Comp. Appeal Bd. (Dana Corp.)*, 624 A.2d 824, 826 (Pa. Cmwlth. 1993). The propriety of the imposition of attorney's fees for an unreasonable contest is a question of law subject to plenary review by the Board and this Court. *Jordan v. Workers' Comp. Appeal Bd. (Phila. Newspapers, Inc.)*, 921 A.2d 27 (Pa. Cmwlth. 2007).

In the present case, the parties disputed the period of Claimant's disability, as well as its extent. For example, Claimant in his claim petition alleged lumbar disc injuries with left leg radiculopathy and Employer acknowledged only a lower back area strain. Medical evidence from two board-certified physicians differed on key points. Accordingly, we conclude that the WCJ did not err in declining to award counsel fees because there was a reasonably contested issue. *See Elite Carpentry Contractors v. Workmen's Comp. Appeal Bd. (Dempsey)*, 636 A.2d 250, 252 (Pa. Cmwlth. 1993) (contest is reasonable if prompted by a genuinely disputed issue rather than to harass a claimant).

Finally, we conclude that the WCJ did not err in denying Claimant's penalty petition based on Employer's issuance of the NCD. In proving grounds for a penalty petition, a claimant bears the burden of establishing a violation of the Act or its rules or regulations that appears in the record. *Shuster v. Workers' Comp. Appeal Bd. (Pa. Human Relations Comm'n)*, 745 A.2d 1282, 1288 (Pa. Cmwlth. 2000). While it is true that Employer issued a NCD contesting the extent of Claimant's disability, it once again acknowledged his lower back area strain. In addition, it even issued a medical-only NCP, again acknowledging the injury. In

circumstances where employers issued a NTCP accepting an injury but subsequently issued a NCD challenging ongoing disability, this Court has held that the employers' actions were consistent with the Act and that no violation occurred. *E.g.*, *Potere*, 21 A.3d at 691-92; *Armstrong v. Workers' Comp. Appeal Bd. (Haines & Kibblehouse, Inc.)*, 931 A.2d 827, 830 (Pa. Cmwlth. 2007). The penalty petition, therefore, was properly denied.

Accordingly, viewing the evidence in a light most favorable to Employer as the party who prevailed before the WCJ, *Waldameer Park, Inc. v. Workers' Compensation Appeal Board (Morrison)*, 819 A.2d 164, 168 (Pa. Cmwlth. 2003), we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

Judge McCullough did not participate in the decision of this case.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Michael O'Connor,                    :
              Petitioner      :
                              :
          v.                :   No.  1635 C.D. 2016
                              :
Workers' Compensation Appeal   :
Board (Laminations, Inc.),      :
            Respondent    :

# **O R D E R**

AND NOW, this 25th day of August, 2017, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge