IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Torres,                                     :
                                                 :
                              Petitioner         :
                                                 :
              v.                                 : No. 1500 C.D. 2019
                                                 : Submitted: February 21, 2020
Workers' Compensation Appeal                     :
Board (Sweet Street Desserts, Inc.)              :
                                                 :
                              Respondent         :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                  FILED: January 11, 2021


        Jose Torres (Claimant) petitions for review of the order of the
Workers' Compensation Appeal Board (Board) affirming the decision of a
workers' compensation judge (WCJ) denying and dismissing Claimant's Claim
Petition and Reinstatement Petition filed against Sweet Street Desserts, Inc.
(Employer), and granting Employer's Termination Petition, pursuant to the
provisions of the Workers' Compensation Act (Act).[2]  We affirm.

---

[1] The decision in this case was reached before January 4, 2021, when President Judge
Leavitt served as President Judge.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

On August 20, 2014, Claimant sustained a right knee injury in the course and scope of his employment as a laborer for Employer when a skid hit his knee. On September 2, 2014, Employer issued a Notice of Temporary Compensation Payable (NTCP), which described the injury as a right knee bruise, and began paying weekly compensation benefits of $466.00 based on an average weekly wage of $556.10. Reproduced Record (R.R.) at 1a. On October 13, 2014, Employer issued a Notice Stopping Temporary Compensation (NSTC), ending the payment of compensation benefits. *Id.* at 5a-6a. That same day, Employer issued a Notice of Workers' Compensation Denial (NCD), which stated that: Claimant returned to work on October 6, 2014, and resumed full duty on October 13, 2014; the "[e]xtent of further disability [is] being contested"; and "[a]ll causally related and necessary medical expenses will continue to be covered under this claim and are hereby subject to all provisions outlined specifically in the [Act]." *Id.* at 3a.

On July 13, 2017, Claimant filed a Claim Petition in which he alleged that he sustained a work-related disabling right knee crush injury, sought temporary total disability (TTD) benefits from July 7, 2017, and ongoing, and reimbursement for related medical expenses, litigation fees, and unreasonable contest attorney's fees. R.R. at 7a-10a, 13a. That same day, Claimant filed a Reinstatement Petition, seeking the reinstatement of disability benefits effective July 7, 2017, due to a worsening of his work-related condition, and the payment of unreasonable contest attorney's fees. *Id.* at 13a. On October 20, 2017, Employer filed a Termination Petition, alleging that Claimant had fully recovered from his work-related injury as of September 27, 2017. *Id.*

On August 9, 2018, the WCJ issued a decision disposing of the petitions in which he made the following relevant findings of fact based upon the testimony and evidence that was presented:

18. As noted at the outset, Claimant's reinstatement petition should be dismissed, because disability was properly denied, so that Claimant carries a claim burden of proof.

19. I do not find that Claimant's August 20, 2014 work-related injury caused him to suffer disability beginning on July 7th or 10th of 2017. Because Employer's October 2014 denial agreed that Claimant suffered a right knee contusion that did not cause disability, but only medical expenses, and it prevailed on those contentions, Claimant has not proven a compensable injury.

20. I find that Claimant was recovered from his right knee contusion on or after October 13, 2014, that he did not suffer any earnings loss due to it thereafter, that his treatment beginning on September 2, 2016, and thereafter was not due to his August 20, 2014 injury, and that he was fully recovered no later than [Employer's doctor's] September 27, 2017 evaluation.

* * *

22. Claimant and counsel entered into a 20% contingent fee agreement that I find fair and reasonable, but no fee is due, as no award is made.

23. Claimant's counsel offered [a] litigation costs exhibit totaling $5,310.64 that I find reasonable, but not recoverable because Claimant did not partially prevail. Employer conceded a non-disabling right knee contusion, and it fully prevailed on that contention.

24. Employer presented a reasonable contest because it prevailed on all petitions.

3

R.R. at 23a.

Based on the foregoing, the WCJ concluded, in pertinent part: (1) Claimant did not meet his burden of proving that his August 20, 2014 work-related injury caused disability and a loss of earnings on or after July 2017; (2) Claimant's Reinstatement Petition should be dismissed as moot because there is no basis to reinstate compensation benefits "for an injury that had not been acknowledged as disabling"; (3) Employer "met the burden of proving that Claimant's medical treatment from and after September 2, 2016, and loss of earnings from and after July 7, 2017, were not related to his August 20, 2014 work-related injury and that he was fully recovered from it no later than September 27, 2017"; (4) Claimant and his counsel executed "a valid fee agreement"; (5) "Claimant's counsel incurred reasonable, but not recoverable litigation costs"; and (6) "Employer presented a reasonable contest." R.R. at 24a. Accordingly, the WCJ issued an order denying and dismissing Claimant's Claim Petition and Reinstatement Petition, granting Employer's Termination Petition effective September 27, 2017, and directing that "Employer is not responsible for Claimant's medical expenses incurred on or after September 2, 2016." *Id.* at 25a.

Claimant appealed the WCJ's decision to the Board, arguing that the WCJ erred in failing to award litigation costs. The Board rejected this claim, stating in relevant part:

> Claimant alleges that he was entitled to litigation costs because he succeeded in part in the litigation. Claimant argues that the WCJ found that [he] sustained a work injury in the nature of a right knee contusion, noting that such a finding was a matter at issue in the litigation for which he was successful given [Employer's] denial of the claim. However, [Employer] actually acknowledged that Claimant sustained a work-related right knee bruise via

4

[the] NTCP. While [Employer] subsequently issued an NCD, the NCD specifically provided that [Employer] was denying further liability due to Claimant's return to work, but that Claimant's reasonable and necessary medical expenses for the knee contusion would continue to be reimbursed by [Employer]. [We note that the NCD appears to be more properly construed as a medical[-]only Notice of Compensation Payable (NCP), where [Employer] has acknowledged that Claimant sustained a work injury and accepted liability for medical expenses, but controverted work-related disability.] Therefore, for all practical purposes, [Employer] accepted liability for Claimant's knee contusion, but denied related disability after Claimant returned to work in October 2014. Consequently, the matters at issue in the Claim Petition did not include whether Claimant sustained a work injury in the nature of a knee contusion, as [Employer] had admitted such. Rather, the matters at issue in the instant Claim Petition were whether Claimant sustained a "knee crush injury," as alleged in his Claim Petition, and whether this alleged injury resulted in disability beginning in July 2017, and continuing. The WCJ found in favor of [Employer] on these matters and further granted [Employer's] Termination Petition. Therefore, Claimant did not prevail on any contested matters, nor did he receive any financial gain from instituting the litigation proceedings. . . . Claimant conceded that [Employer] paid him a period of disability from the date he sustained his knee contusion to the date he returned to work in October 2014. Moreover, the NCD acknowledged that medical expenses would be paid, and Claimant never alleged any unpaid medical benefits due to his knee contusion. Consequently, by filing the Claim Petition, Claimant did not receive any additional benefits which [Employer] had not already paid or agreed to pay via the NTCP and NCD.

5

R.R. at 31a-32a. Accordingly, the Board issued an order affirming the WCJ's decision, *id.* at 33a, and Claimant filed the instant petition for review of the Board's order.[3]

On appeal, Claimant contends that the Board erred in affirming the WCJ's decision denying the award of litigation costs.[4] Specifically, Claimant asserts that Employer improperly used an NTCP and NCD to accept his claim on a

[3] Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Bloom v. Workmen's Compensation Appeal Board (Keystone Pretzel Bakery)*, 677 A.2d 1314, 1318 n.4 (Pa. Cmwlth. 1996). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 612 A.2d 434, 436 (Pa. 1992). Credibility determinations and the evaluation of the weight of evidence are within the province of the WCJ as a fact-finder, and the WCJ may accept or reject the testimony of any witness, including medical testimony, in whole or in part. *Canavan v. Workers' Compensation Appeal Board (B & D Mining Co.)*, 769 A.2d 1250, 1252 n.2 (Pa. Cmwlth. 2001) (citation omitted).

[4] Section 440(a) of the Act, added by the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. §996(a), authorizes an award to a claimant for "a reasonable sum for costs incurred for attorney's fees, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings." Such an award is appropriate where a "matter at issue has been finally determined in whole or in part" in the claimant's favor. *Id.* As this Court has observed:

> Under Section 440 of the Act, a prevailing claimant is entitled to recover litigation costs and an award of reasonable attorney's fees unless the record establishes that the employer had a reasonable basis for contesting liability. A determination of whether the employer's contest was reasonable is a question of law that depends upon the facts and the legal issues involved in each case. A reasonable contest is established when the medical evidence is conflicting or susceptible to contrary inferences and there is an absence of evidence that an employer's contest was frivolous or intended to harass the claimant.

*Byfield v. Workers' Compensation Appeal Board (Philadelphia Housing Authority)*, 143 A.3d 1063, 1066-67 (Pa. Cmwlth. 2016) (citation omitted).

medical-only basis[5] so that any averments in the instant NCD purportedly accepting ongoing medical-only liability should be disregarded, and the NCD should be considered to be an outright denial of any and all liability. When so construed, Claimant argues that a litigation cost award is warranted based on the WCJ's recognition of the 2014 work-related right knee contusion injury.

However, Claimant's construction of the documents that Employer filed with respect to his work-related right knee contusion injury is untenable, as it patently ignores the contents and effect of those documents.[6] Undoubtedly, Employer incorrectly filed an NCD in lieu of filing a medical-only NCP. Nevertheless, by filing the NTCP, the NSTC, and the NCD upon Claimant's return to work, while acknowledging continuing medical liability for expenses related to the accepted work-related right knee contusion injury, the Board correctly determined that "for all practical purposes, [Employer] accepted liability for Claimant's knee contusion, but denied related disability after Claimant returned to

---

[5] *See Zuchelli v. Workers' Compensation Appeal Board (Indiana University of Pennsylvania)*, 35 A.3d 801, 806 n.4 (Pa. Cmwlth. 2011) ("Notably, in 2011, the Bureau of Workers' Compensation revised the NCD form. Employers are now instructed not to accept medical[-]only cases by use of the NCD form. The form employers should use is the medical-only NCP.") (citation omitted). *See also* Employer's NCD, R.R. at 3a ("**Do not use this form to accept a medical-only claim.**") (emphasis in original).

[6] *See, e.g.*, *VNA Home Health Services of NE PA v. Workers' Compensation Appeal Board (Volpicelli)* (Pa. Cmwlth., No. 211 C.D. 2014, filed September 11, 2014), slip op. at 13 ("Moreover, this Court has made clear that in workers' compensation cases, where a party has sought relief and demonstrated a right to relief, the form of the filing is not controlling and does not prevent the WCJ from granting that relief.") (citations omitted); *Liberty Baking Co. v. Workmen's Compensation Appeal Board*, 439 A.2d 1276, 1279 (Pa. Cmwlth. 1981) ("This Court has consistently maintained that the rules governing pleadings in Workmen's Compensation cases do not mirror the Pennsylvania Rules of Civil Procedure, and that the pleadings in compensation cases should be liberally construed.") (citations omitted).

work in October 2014," and "Claimant never alleged any unpaid medical benefits due to his knee contusion." R.R. at 32a.

As this Court has explained:

> [The] employer incorrectly filed an NCD because when, as here, an employer accepts liability for a claimant's injury but not for disability, *i.e.*, [his] loss of earning power, a medical-only NCP is required to be filed. That . . . is in accord with our decision in *Armstrong v. Workers' Compensation Appeal Board (Haines & Kibblehouse, Inc.)*, 931 A.2d 827, 830-32 (Pa. Cmwlth. 2007). The purpose of the medical-only NCP is to fix the nature of the injury and to keep the burden of proof on the employer when it seeks to challenge the claimant's medical bills. *Orenich v. Workers' Compensation Appeal Board (Geisinger Wyoming Valley Medical Center)*, 863 A.2d 165, 169-70 (Pa. Cmwlth. 2004)[.] We have also held that where an employer has filed an NCD disputing the claimant's disability but not the existence of the *actual* injury, we have given the NCD the same effect as a medical-only NCP. *Armstrong*, 931 A.2d at 832. Also, as explained in *Orenich*, where an NCD or medical-only NCP is filed and the claimant wishes to establish disability, [he] should do so by filing a claim petition. *Orenich*, 863 A.2d at 170. . . .

*Allied Personnel Services v. Workers' Compensation Appeal Board (Rosario)* (Pa. Cmwlth., Nos. 1139 & 1168 C.D. 2013, filed March 7, 2014), slip op. at 11 n.5 (emphasis in original).[7]

The foregoing procedure is precisely what occurred in this case, and the WCJ and the Board properly construed and considered the contents of the documents actually filed in disposing of the relevant issues. Moreover, in reviewing the WCJ's and the Board's disposition of this matter, it is clear that

---

[7] This unpublished opinion is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

Claimant did not prevail in any manner in the proceedings below. Claimant did not prevail in any manner on his Claim Petition seeking TTD benefits from July 7, 2017, and ongoing, and the reimbursement for related medical expenses, based on a purportedly disabling work-related right knee crush injury. *See* R.R. at 22a-23a. Likewise, Claimant did not prevail in any manner on his Reinstatement Petition seeking disability benefits from July 7, 2017, and ongoing, based on that purportedly disabling work-related injury. *See id.*

As a result, the WCJ did not err or abuse his discretion in refusing to award litigation costs under Section 440(a) of the Act, and the Board did not err in affirming the WCJ's decision in this regard. *See, e.g.*, *Watson v. Workers' Compensation Appeal Board (Special People in Northeast)*, 949 A.2d 949, 955 (Pa. Cmwlth. 2008) ("[The c]laimant did not prevail on any disputed issue before the WCJ. Stated otherwise, the WCJ awarded [the c]laimant no financial benefit beyond the medical expenses [the e]mployer previously agreed to pay. Under these circumstances, [the c]laimant's entitlement to medical benefits does not warrant an award of litigation costs.").

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Torres,                              :
                                          :
                    Petitioner            :
                                          :
          v.                              : No. 1500 C.D. 2019
                                          :
Workers' Compensation Appeal              :
Board (Sweet Street Desserts, Inc.)       :
                                          :
                    Respondent            :


# **O R D E R**


AND NOW, this 11<u>th</u> day of <u>January</u>, 2021, the order of the Workers' Compensation Appeal Board dated October 4, 2019, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge