**Barbara ORENICH, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (GEISINGER WYOMING VALLEY MEDICAL CENTER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 5, 2004.

Decided Dec. 14, 2004.

As Amended Dec. 15, 2004.

John A. Bednarz, Jr., Wilkes–Barre, for petitioner.

Marta J. Guhl, Philadelphia, for respondent.

Lawrence R. Chaban, Pittsburgh, for amicus curiae, PA Trial Lawyers Association.

BEFORE: McGINLEY, Judge, PELLEGRINI, Judge, and LEADBETTER, Judge.

OPINION BY Judge PELLEGRINI.

Barbara Orenich (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) order that granted her claim petition but did not award her penalties or counsel fees for an unreasonable contest.

On November 29, 2000, Claimant, while working as a registered nurse for Geisinger Wyoming Valley Medical Center (Employer), sustained a work-related injury when she and three other nurses attempted to move a patient's position in bed. After continuing her shift that day, Claimant began having neck pain. The following week, Claimant notified her supervisor of the neck pain, filed an incident report, and was seen in Employer's emergency room. After seeing additional doctors, Claimant returned to work with orders to avoid heavy lifting. Even though Employer had not issued a Notice of Compensation Payable (NCP), Employer's self-insured workers' compensation fund paid Claimant's medical expenses up to the insurance contract threshold, and after that point, Employer's worker's compensation coordinator notified Claimant of the following:

> Your injury is currently carried as a medical only claim. If circumstances change and you anticipate or begin to lose time away from work due to this injury please notify me immediately so that we can implement workers' compensation lost wage benefits on your behalf.

(February 27, 2001 letter from Employer to Claimant, Reproduced Record at 36a.)

After Employer issued a Notice of Compensation Denial (NCD) in May of 2001 refusing to pay certain medical bills because it believed they were unrelated to her work-related injury,[1] Claimant filed a claim petition on June 26, 2001, against Employer contending that she suffered an injury to the right side of her neck and arm as a result of the incident on November 29, 2000, and requested that Employer pay her medical bills and counsel fees.[2] Despite having previously acknowledged her injury and payment of certain medical expenses, Employer filed an answer denying all allegations set forth in the claim petition, including those pertaining to notice and the injury.

After hearings in which Claimant testified and the reports of two medical experts

---

1. There is a reference to a written NCD of the claim in both parties' briefs; however, the WCJ made no finding of fact regarding an NCD, and after a thorough review of the record, we were unable to find it.

2. While the claim petition initially claimed loss of wages, that part of the claim was withdrawn at the March 3, 2002 hearing before the WCJ because Claimant did not miss any time from work.

and the deposition testimony of one medical expert were introduced, the WCJ granted Claimant's claim petition finding that Claimant suffered a cervical or paracervical strain/sprain and the aggravation of an underlying degenerative process on November 29, 2000, that necessitated medical treatment, but as of November 12, 2001, Claimant was fully recovered. He ordered the Employer to pay any medical expenses Claimant incurred. However, despite her request, the WCJ did not award penalties or counsel fees for an unreasonable contest, despite the fact that Employer did not issue an NCP within 21 days of receiving notice of her injury. Claimant appealed to the Board, which affirmed, holding that there was a genuine issue as to the duration of Claimant's disability as alleged, as well as Claimant's entitlement to ongoing medical benefits that made the contest reasonable, but did not address the issue of whether penalties were appropriate. This appeal followed.[3]

■ On appeal, Claimant contends that the WCJ erred by failing to award penalties when Employer did not dispute that she sustained a work-related injury and failed to issue an NCP or NCD within 21 days of receiving notice of her injury in violation of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 717.1. Claimant directs our attention to Section 406.1(a) of the Act, which provides the following in relevant part:

> The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a notice of compensation payable as provided in section 407 ... on forms prescribed by the department and furnished by the insurer. The first installment of compensation shall be paid no later than the twenty-first day after the employer has notice or knowledge of the employe's disability ...

77 P.S. § 717.1(a).

While there had been some dispute as to whether an NCP has to be issued for "medical only" claims, in *Waldameer Park, Inc. v. Workers' Compensation Appeal Board (Morrison)*, 819 A.2d 164 (Pa. Cmwlth.2003), we held that regardless of whether an employer acknowledged an injured but not disabled employee's injuries by paying his or her medical bills, the employer was still required to issue either an NCP or NCD pursuant to Section 406.1(a) of the Act. In *Waldameer Park*, the claimant sustained an injury to her hand but did not miss any time from work. Her employer did not issue an NCP or NCD because she had not suffered any loss of wages and it had paid all of her medical bills. The claimant eventually filed a claim petition which was granted, along with attorneys' fees for an unreasonable contest. The employer argued that the attorneys' fees were erroneously granted because there was no evidence of wage loss or unpaid medical bills and because it had reason to challenge the extent of the claimant's work-related injuries. It also argued that it did not have to issue an NCP for these same reasons.

Citing *Lemansky v. Workmen's Compensation Appeal Board (Hagan Ice*

---

**3.** Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *SCI Waymart v. Workers' Compensation Appeal Board (Feldman)*, 766 A.2d 900 (Pa. Cmwlth.2000).

*Cream Co.),*[4] 738 A.2d 498 (Pa.Cmwlth. 1999), *petition for allowance of appeal denied,* 563 Pa. 668, 759 A.2d 389 (2000), we noted that Section 406.1 of the Act required that an employer was required to promptly investigate each injury reported or known to the employer and commence payment no later than the 21st day after notice of the employee's disability. If the employer believed that the claim was not compensable, it was required to issue a notice of denial within 21 days. Although the employer in *Waldameer Park* argued that nothing in the Act required it to issue any documentation where the employee did not incur a loss of earnings, i.e., was not disabled, citing *Lemansky,* we stated that *"Once an employer elects to take no action and require the claimant to litigate the issue of compensability, it must then pay Claimant's attorney's fees unless it can prove that its contest was reasonable."* *Waldameer Park,* 819 A.2d at 169. We further stated:

> Because it is uncontradicted that Claimant did in fact suffer an injury, the proper course of action would have been for Employer to issue a "medical only"

notice of compensation payable. Then, Employer could challenge any future medical bills it thought were unreasonable or not causally related to the injury or any wage loss benefits it thought were unwarranted rather than forcing Claimant to file a Claim petition prior to the expiration of the three-year statute of limitations for the purpose of preserving her right to any future benefits. *Waldameer Park,* 819 A.2d at 170. Although these cases provided two reasons for requiring an employer to issue an NCP or NCD within 21 days of becoming aware of an employee's injury—not forcing an employee to hire an attorney for unnecessary litigation and allowing an employer to challenge future medical bills, there are other reasons why this requirement is now necessary to protect both parties.[5]

Under the usual practice of workers' compensation when an employee is injured, the employer issues an NCP to identify the nature of the injury and specify the amount of money being paid to the employee. It also places the burden of proof on the proper party who wishes to make a challenge to either the medical

---

4. The facts in *Lemansky* are somewhat different than those in *Waldameer Park.* In *Lemansky,* the claimant suffered two work injuries; the first resulted in lost wages and total disability benefits. The second injury was a "medical only" claim for which the claimant did not incur a loss of earnings because he was already receiving wage benefits for his first injury. However, the employer did not acknowledge the compensability of the second injury because it was for medical benefits only and forced the claimant to litigate the issue.

5. As of May 29, 2004, the Bureau of Workers' Compensation issued a new NCP with added language which permits a claim for "medical only" compensation to be established by using a checkbox. The form states:

> A copy must be sent to the injured employee with the first payment of compensation. **NOTICE TO EMPLOYEE:** If any questions arise regarding these payments, contact the representative named at the bottom of this Notice.
> If you cannot resolve a problem with the employe representative, you may call the Bureau at 800–482–2383.
> Compensation is payable as follows:
> [_____] Check only if compensation for medical treatment [**medical only, no loss of wages**] will be paid subject to the Workers' Compensation Act. Compensation for medical treatment is payable from date of injury. For compensation for medical treatment only, you should not complete numbers 1 through 5.

Therefore, employers are now required to utilize this form if they choose to pay "medicals only" for an injury but not wage loss for any disability. Because Claimant's injury occurred in 2000 and the form was only issued in 2004, it has no application to this case.

bills or the compensation being paid. Regarding the medical bills, based on that NCP, the employer is able to question medical bills for treatment that it believes is not reasonable nor necessary. It may do so by requesting a utilization review of the medical bills, which it would not be able to do without the NCP, as there would be no record of any injury to question. As to compensation being paid, the NCP is also important where the employer decides that it wants to terminate paying the employee's medical bills or benefits. In such a case, the burden is properly on the employer to prove that the medical bills or benefits are no longer warranted rather than on the injured employee who would otherwise have to prove they were to be continued if the NCP did not exist. In the converse situation, the burden would be on the employee, by filing a claim petition, who believes that he or she is entitled to compensation because the injury has resolved into a disability causing loss of earning power or to add additional injuries to the NCP, which the employer disputes. Having an NCP acknowledging the injury fixes the nature of the injury for both the employer and the claimant, allows for utilization review of treatment, and keeps the burden of proof on the proper party to prove what otherwise would not be possible without an NCP.

 Because Employer clearly was required to file an NCP or NCD within 21 days of receiving notice of Claimant's No-vember 29, 2000 injury, its failure to do so may have been cause for the WCJ to impose a penalty.[6] However, when there is a violation of the Act, even an *apparent* violation, the imposition of a penalty is not automatic. *Henkels & McCoy, Inc. v. Workmen's Compensation Appeal Board (Hendrie)*, 738 A.2d 1 (Pa.Cmwlth.1999), *affirmed*, 565 Pa. 493, 776 A.2d 951 (2001); *DeVore v. Workmen's Compensation Appeal Board (Sun Oil Co.)*, 165 Pa.Cmwlth. 615, 645 A.2d 917, *petition for allowance of appeal denied*, 540 Pa. 606, 655 A.2d 993 (1994). Rather, it is within the discretion of the WCJ to impose penalties. *Henkels & McCoy*. The assessment of penalties as well as the amount of penalties imposed is discretionary, and absent an abuse of discretion by the WCJ, we will not overturn the WCJ's decision on appeal. *Westinghouse Electric Corporation v. Workers' Compensation Appeal Board (Weaver)*, 823 A.2d 209 (Pa.Cmwlth.2003). "An abuse of discretion is not merely an error of judgment but occurs, *inter alia*, when the law is misapplied in reaching a conclusion." *Id.* at 213–214.

In this case, the WCJ did not impose penalties and made no findings regarding any violations of the Act by Employer, even though Employer issued an NCD over five months after it became aware of Claimant's November 29, 2000 injury. Employer argues that the WCJ was correct in not awarding penalties because the statute only applies to disabilities, not inju-

---

6. Employer argues that *Waldameer Park* and *Lemansky* are factually distinguishable and inapplicable because in both of those cases, the employers never filed any type of response to notice of the claimants' injuries where, as here, it alleges that it filed an NCD in May of 2001. What this argument overlooks is that Section 406.1 of the Act requires an employer to issue an NCP or NCD *within 21 days* of receiving notice of the claimant's injury. In this case, Claimant was injured at work on November 29, 2000. The following week she notified her supervisor of her neck pain, filed an incident report, and was seen in Employer's emergency room. Obviously aware of Claimant's injuries, Employer paid Claimant's medical bills, but did not issue its NCD until May of 2001, well beyond the 21–day time period required by the Act. Even though *Waldameer Park* and *Lemansky* are factually distinguishable, our holding in those cases is still applicable where, as here, an employer files an NCD beyond the 21–day time period allowed for in the Act.

ries. While the term *disability* is synonymous with a loss of earning power, our holdings in *Waldameer Park* and *Lemansky* have clearly held that that section includes *injured* employees as well. Clearly, the WCJ failed to correctly apply the law. Because the WCJ abused his discretion, the case must be remanded to the WCJ for him to determine if penalties, based on the medical bills awarded, are to be imposed on Employer for violating Section 406.1(a) of the Act based on our holdings in *Waldameer Park* and *Lemansky*.

Claimant then argues that the WCJ erred in failing to make a determination that Employer had engaged in an unreasonable contest[7] when Employer had acknowledged that she had sustained a work-related injury and did not issue an NCP forcing her to file a claim petition. Whether or not there has been a reasonable basis for contesting a claimant's award of benefits depends upon both the facts and the legal issues involved in each case. *Poli.* "A reasonable contest is established when medical evidence is conflicting or susceptible to contrary inferences and there is an absence of evidence that an employer's contest was frivolous or filed to harass a claimant." *Wertz v. Workmen's Compensation Appeal Board (Department of Corrections)*, 683 A.2d 1287, 1293 (Pa. Cmwlth.1996), *petition for allowance of appeal denied*, 547 Pa. 747, 690 A.2d 1165 (1997).

In this case, as in *Waldameer Park*,[8] Employer acknowledged that Claimant suffered a work-related injury by paying Claimant's medical expenses up to the insurance contract threshold, and in its February 27, 2001 letter to Claimant advising her that she was currently a "medical only" claim but that if she anticipated losing time at work because of the injury she should contact them so they could imple-

---

7. Section 440(a) of the Act, 77 P.S. § 996(a), provides that where a claimant succeeds in a litigated case, reasonable counsel fees are awarded against the employer as a cost unless the employer meets its burden of establishing facts sufficient to prove a reasonable basis for the contest. *Weiss v. Workmen's Compensation Appeal Board (Birch)*, 106 Pa.Cmwlth. 361, 526 A.2d 839, *petition for allowance of appeal denied*, 517 Pa. 612, 536 A.2d 1335 (1987). This section is intended to deter unreasonable contests of workers' compensation claims and to ensure that successful claimants receive compensation undiminished by costs of litigation. *Poli v. Workmen's Compensation Appeal Board (Arlyn Printing & Advertising Co.)*, 34 Pa.Cmwlth. 630, 384 A.2d 596, (1978). However, a specific finding of fact on the issue of reasonable basis is not required because whether an employer's contest is reasonable is a question of law, turning on the resolution of the question of whether or not the contest was brought to resolve a genuinely disputed issue or merely for purposes of harassment. *Id.*

8. In *Waldameer Park*, the claimant suffered a hand injury for which she suffered no wage losses and only sought acknowledgement of the injury and the payment of future medical bills before the statute of limitations ran. She presented medical testimony of her treating physician who testified she suffered from Reflex Sympathetic Dystrophy (RSD) which was caused by her work injury. The employer's medical expert testified that she found no evidence of RSD and the claimant had recovered from her injury, but did not testify that the injury had never occurred. The WCJ found the claimant's expert more credible and awarded unreasonable contest attorneys' fees because the employer forced the claimant to litigate whether the injury ever occurred and whether the employer had notice of the injury when the employer's medical expert did not testify that the injury had not occurred. On appeal, we affirmed because the employer never issued an NCP and forced the claimant to hire an attorney. Then the employer denied all of the allegations in the claim petition. Had the employer issued an NCP, it would have been possible that the claimant would have never needed to hire an attorney and litigate the matter because her rights to future medical benefits would have been secure.

ment workers' compensation lost wage benefits on her behalf. Well after those acknowledgements, Employer alleges it issued an NCD in May of 2001. Because Employer issued the NCD refusing to pay certain medical bills, Claimant was forced to file a claim petition against Employer requesting that Employer pay her medical bills and counsel fees. Then, Employer filed an answer denying *all* allegations set forth in the claim petition, *including* those pertaining to notice and the injury. Because of this charge, Claimant was forced to incur attorneys' fees to litigate whether the injury even occurred, and whether Employer had sufficient notice of the injury when Employer clearly knew the injury occurred because it treated Claimant for the injury, paid for her medical bills, and acknowledged the injury in its February 27, 2001 letter to Claimant. Since Employer forced Claimant to litigate the issue of the occurrence of her injury and notice of the injury, which it had previously acknowledged, it was an abuse of discretion for the WCJ not to award attorneys' fees. *Waldameer Park.*[9]

Because Employer had notice of Claimant's work injury, paid medical benefits for that injury, and failed to file an NCP or NCD within 21 days of receiving notice of her injury as required by the Act, and Employer did not have a reasonable basis for contesting Claimant's claim for medical bills, Employer should be liable for the payment of Claimant's attorneys' fees.

Accordingly, the order of the Board is vacated and the case is remanded to the Board to be remanded to the WCJ for a hearing to determine reasonable counsel fees and whether an award of penalties is appropriate.

Judge LEADBETTER joins with respect to penalties but dissents and wishes to merely be so noted with respect to attorney's fees.

### ORDER

AND NOW, this 14th day of December, 2004, the order of the Workers' Compensation Appeal Board, dated February 26, 2004, at No. A03–0361, is vacated and the case is remanded to the Board to be re-

---

9. Even if Employer's NCD was timely, the contest would still have been unreasonable. Employer argues that it had a legitimate basis for contesting the extent of Claimant's disability because it questioned whether her medical bills were related to her work injury based on its medical expert's determination that Claimant had fully recovered from her work injury as of November 12, 2001. When asked by the WCJ at the October 30, 2001 hearing why it was not accepting Claimant's claim petition, Employer's counsel responded:

> [Employer's Counsel]: Based upon the medical records that we saw, she was—hadn't treated since the beginning of January. And at that time, she was released to full-duty work and that was their reason for denial. They believe it was just the result of the underlying degenerative disc disease.
> [WCJ]: When you say release to work, you mean by one of your physicians?
> [Employer's counsel]: By the—The last—Based upon the medical records that I saw,

the last time she treated was January 2nd, 2001.

(Reproduced Record at 193a.) However, the medical examination by its medical expert did not take place until November 12, 2001, and the contest was already a *fait accompli* before that examination even took place because Employer denied Claimant the payment of her medical bills in May of 2001 and then denied the existence of the injury and its notice of the injury in its answer to Claimant's claim petition dated July 25, 2001. Because at the time Employer originally chose to contest payment of Claimant's medical bills Employer had no reasonable grounds to do so, the WCJ abused its discretion by not awarding penalties; Employer's medical experts, *post hoc* examination, does not cure this defect. *Pruitt v. Workmen's Compensation Appeal Board (Lighthouse Rehabilitation),* 730 A.2d 1025 (Pa.Cmwlth.1999).

manded to the WCJ for a hearing to determine reasonable counsel fees and whether an award of penalties is appropriate.

Jurisdiction relinquished.