# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Gabriel, : 
           Petitioner : 
  : 
         v. :   No. 1499 C.D. 2019
  :   Submitted: February 28, 2020
Workers' Compensation Appeal : 
Board (Procter and Gamble : 
Products Company), : 
          Respondent : 


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION BY
JUDGE COHN JUBELIRER            FILED: September 11, 2020

    David Gabriel (Claimant) petitions for review of an Opinion and Order of the Workers' Compensation (WC) Appeal Board (Board), affirming a WC Judge's (WCJ) Decision granting Claimant's Claim Petition and declining to assess a penalty or award attorney fees under Sections 435 and 440(a) of the WC Act (Act),[1] 77 P.S. §§ 991, 996(a).[2]  Claimant contends that because Procter and Gamble Products Company (Employer) did not issue a notice of compensation denial (NCD) or a notice of compensation payable (NCP) within 21 days of receiving notice of his injury, the WCJ erred in not assessing attorney fees under the Act.  Upon review, because Employer was on notice of Claimant's puncture

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.
[2] Sections 435 and 440 were added by Section 3 of the Act of February 8, 1972, P.L. 25.

wound injury and did not timely issue an NCP as required by the Act, we reverse and remand for the WCJ to award reasonable attorney fees.

## I.    Factual Background

On February 27, 2016, Claimant, while working as a technician for Employer, was removing steel wire from bales of pulp, when one of the wires snapped and punctured Claimant's upper left arm.  Claimant notified Employer on March 7, 2016, about the injury.  Employer did not issue an NCD or NCP within 21 days of notice but did pay Claimant's medical expenses associated with same.  On August 17, 2017, Claimant filed the Claim Petition, alleging a work-related injury of "[p]uncture wound to the left elbow, causing permanent numbness in the left elbow region."  (Reproduced Record (R.R.) at 5a.)  Employer filed an answer denying **all the allegations** in the Claim Petition.

### A. WCJ Proceedings

At a hearing before the WCJ on September 21, 2017, Claimant's Counsel indicated to the WCJ that he did not yet have documentation from a doctor regarding Claimant's injury and filed the Claim Petition because Employer never filed any notices, such as an NCP or NCD.  The WCJ inquired whether Employer denied that Claimant had a puncture wound, to which Employer's counsel stated "[n]o[, w]e paid – essentially, we paid the two medical bills.  The claim was closed because . . . [t]he last time [Claimant] treated was April of . . . 2016."  (*Id.* at 58a.)  When the WCJ also inquired whether Employer would have Claimant examined, Employer's counsel responded that if Claimant was "just going with, like, **a puncture wound or numbness** and he hasn't sought any treatment after April of 2016, I don't see a need to get him examined."  (*Id.* at 62a (emphasis added).)  The WCJ relisted the matter for another hearing to provide the parties time to resolve

the issue or for Claimant to obtain a medical report and notify Employer what the injury was that Claimant sought to have recognized in the NCP.

The WCJ held the next hearing on December 19, 2017, at which time Claimant's Counsel represented that Claimant still did not have a medical report. Claimant testified at this hearing, explaining the circumstances of his injury and symptoms. Claimant testified that he was removing wires from the pulp bales on February 27, 2016. Claimant stated that the pulp bales weigh about 500 pounds, measure 28 by 33 inches, and are bound together with gauge steel wire. (*Id.* at 77a-78a.) Claimant explained that he felt some resistance when he pulled on the wire, and the wire got caught on a rail and "broke free," "[a]ct[ing] like a projectile thrown from the air," and puncturing his upper left arm. (*Id.* at 80a.) Claimant described having "an extreme burning feeling" and noted that the wire was stuck deep in his flesh. (*Id.* at 81a.) Claimant testified that the injury occurred near the end of his work day, so he finished his shift, went home, and did not seek immediate medical care. Claimant stated that he hoped his "condition would improve," but when it did not, he reported the injury to his manager on March 7, 2016. (*Id.* at 83a.)

Claimant testified that upon notifying Employer of the injury, Claimant saw Dr. James Mattucci and Dr. Edward Zurad, both of whom were located at Employer's plant. Claimant stated that he continued to work from the date of the incident until the time of his testimony, and he did not miss any time from work because of his injury. (*Id.* at 88a.) With regard to his current symptoms, Claimant stated that he still has occasional burning and permanent numbness in his left elbow area as a result of the injury. Finally, Claimant identified a March 10, 2016 letter he received from Employer's WC claims administrator, notifying Claimant it

3

had received a report of the work-related injury and the claim was under review. (*Id.* at 127a.) Specifically, the letter stated the claims administrator "received a report of your work-related injury and [is] responsible for making certain you receive all benefits to which you are entitled under the [Act]," and "[y]our claim is currently under review." (*Id.*) At the conclusion of the hearing, the WCJ explained that Claimant had 30 days in which to obtain a medical report.

At the final hearing on March 15, 2018, Claimant submitted a medical report of William Krywicki, M.D., who had examined Claimant and concluded that Claimant sustained "a laceration to branches of the posterior cutaneous nerve . . . ," which resulted in "a permanent loss of sensation in" the area of the "posterior elbow region of [Claimant's] left upper extremity." (*Id.* at 133a.) In reaching this conclusion, Dr. Krywicki stated that he examined Claimant and relied upon documentation, including Claimant's testimony before the WCJ, a note from Claimant's primary care physician, and the clinical notes from both Dr. Zurad and Dr. Mattucci, the physicians at Employer's plant who examined Claimant.[3] (*Id.* at 129a.) Employer indicated a willingness to stipulate to the conclusions reached by Dr. Krywicki in his report regarding Claimant's injury. (*Id.* at 119a.) Claimant declined to resolve the Claim Petition by stipulation on the basis that Employer should have issued a medical-only NCP within 21 days of notice of the injury. Claimant testified again at this hearing, stating that he retired early from his position with Employer and was now working elsewhere full time. On March 28,

---

[3] Although the notes of Dr. Zurad and Dr. Mattucci are referenced in the transcripts of proceedings before the WCJ and were relied upon by Dr. Krywicki in formulating his report, these notes do not appear in the record and were apparently never formally introduced into evidence. In any event, Employer's counsel acknowledged these notes and the fact that Claimant treated with these physicians at Employer's plant.

4

2018, Employer issued a medical-only NCP for a "punctured left upper arm." (*Id.* at 160a.)

## B. *WCJ Decision*

On August 27, 2018, the WCJ issued a Decision granting the Claim Petition but not awarding a penalty or unreasonable contest attorney fees. Based upon Claimant's testimony and Dr. Krywicki's report, the WCJ found as follows:

> After reviewing the evidence in this matter, this Judge finds that on February 27, 2016, while working as a technician for [Employer], [] Claimant suffered a puncture wound created by wire causing a laceration to branches of the posterior cutaneous nerve of the left arm. This Judge also finds that the work injury of February 27, 2016[,] is causing the permanent numbness that [] Claimant has to his left elbow region. In finding as such, this Judge had the opportunity to observe the bearing and demeanor of [] Claimant on two separate occasions and finds his testimony as to how the work injury happened and the numbness he experiences to be credible and fact. This Judge also finds as credible the uncontradicted opinions of Dr. Krywicki as to the nature of Claimant's February 27, 2016 work injury and the permanent numbness to his left elbow region caused by the work injury. This Judge finds it significant that in addition to having had the opportunity to perform a physical examination on [] Claimant, Dr. Krywicki had an accurate history as to how [] Claimant suffered the February 27, 2016 work injury as well as the opportunity to review records from both Dr. Zurad and Dr. Mattucci.

(WCJ Finding of Fact (FOF) ¶ 11.) The WCJ further found that Employer "acknowledged that Claimant had a puncture wound," "paid two medical bills with the last treatment in April of 2016," and issued the NCP on March 28, 2018. (*Id.* ¶¶ 3, 9.)

As a result, the WCJ concluded that Employer is responsible for reasonable and necessary medical expenses arising from the February 27, 2016 work-related injury. The WCJ further concluded that there was no violation of the Act

5

warranting the assessment of a penalty, reasoning that although the NCP was not issued until March 28, 2018, Employer "was paying Claimant's medical bills and there is no evidence to indicate that the medical bills were paid untimely or that [] Claimant was denied medical treatment." (*Id.* ¶ 14.) The WCJ further refused to assess unreasonable contest attorney fees against Employer because Employer "was paying Claimant's medical bills," and "it was [not] until the last hearing in this matter that Claimant produced any medical evidence establishing a specific diagnosis for his work injury other than a puncture wound." (*Id.* ¶ 15.) Therefore, the WCJ found that Employer had a reasonable basis for contesting the matter and did not award attorney fees. Finally, the WCJ awarded to Claimant his reasonable litigation costs, which included the expense for Dr. Krywicki's report. Claimant appealed to the Board.[4]

### C. Board's Opinion and Order

The Board affirmed the WCJ, finding that the WCJ did not err or abuse his discretion in not awarding a penalty and attorney fees. With regard to the attorney fees, the Board noted that under Section 440(a) of the Act, a claimant who is successful on a claim petition is entitled to attorney fees unless a reasonable basis for the contest is established. Here, although Employer paid for Claimant's medical expenses, the Board found that was not an admission of liability. Moreover, the Board reasoned that Claimant sought recognition in his Claim Petition of more than just a puncture wound, the injury ultimately recognized by Employer, and Claimant did not present evidence "establishing a diagnosis, apart from [a] puncture wound, until the final hearing." (Board Opinion (Op.) at 4.) It

---

[4] Employer did not appeal to the Board. Therefore, the merits of the Claim Petition are not before us.

6

was Claimant's burden to prove the injury, the Board explained, and Employer "immediately stipulated to Claimant's expert conclusion" when it was given; therefore, the Board found "no indication that the contest was prompted to harass Claimant." (*Id.*)

With regard to Claimant's request for a penalty, the Board reiterated that the WCJ concluded there was no violation of the Act and, although there was no dispute that Employer did not issue the NCP until March 28, 2018, Employer paid the medical bills, and there was no indication that the bills were paid untimely or Claimant was denied treatment. The Board "read this determination as declining to impose a penalty given the circumstances underlying the matter." (*Id.* at 5.) The Board noted that Section 406.1 of the Act, 77 P.S. § 717.1,[5] requires an employer to accept or deny liability within 21 days of receiving notice of the injury, Claimant reported his injury on March 7, 2016, and Employer issued the medical-only NCP on March 28, 2018. Nonetheless, the Board found "the assessment of a penalty is within the WCJ's purview." (Board Op. at 5 n.2.) Accordingly, because the WCJ explained the basis for his conclusion not to exercise his discretion to impose a penalty, the Board found that the WCJ did not err and affirmed. (*Id.* at 5-6.) Claimant petitions for review.[6]

---

[5] Added by Section 3 of the Act of February 8, 1972, P.L. 25.

[6] Our review "is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated." *Virgo v. Workers' Comp. Appeal Bd. (Cty. of Lehigh-Cedarbrook)*, 890 A.2d 13, 17 n.8 (Pa. Cmwlth. 2005).

## II. Parties' Arguments

Claimant argues as follows.[7] The WCJ erred when it found that Claimant was not entitled to attorney fees under Section 440(a) of the Act because Employer's contest was neither justified nor reasonable. It was Employer's burden to file an NCD or a medical-only NCP within 21 days of notice of the injury. It was not reasonable for Employer to wait until Claimant submitted the report from Dr. Krywicki before it issued the medical-only NCP. Employer issued the medical-only NCP long after it was required to do so and recognized the injury of a "punctured left upper arm," rather than the injury as described in Dr. Krywicki's report. (Claimant's Brief at 22.) Because the injury that was ultimately recognized in the medical-only NCP was that which Claimant notified Employer of on March 7, 2016, Employer had no reasonable basis to contest the Claim Petition. Therefore, the WCJ should have determined that unreasonable contest attorney fees were warranted. Claimant asserts that if Employer had timely recognized the injury, then the burden of proof for suspending, modifying, or terminating the Claim Petition would have rested with Employer. Employer admitted during the

---

[7] The Pennsylvania Association for Justice (Association) filed an amicus brief in support of Claimant. The Association contends the Board erred because Claimant was entitled to attorney fees given Employer's violation of the Act when it did not timely issue the medical-only NCP. The Association asserts that this Court has upheld the award of attorney fees in various circumstances, including where: an NCP or NCD was not timely filed, *Waldameer Park, Inc. v. Workers' Compensation Appeal Board (Morrison)*, 819 A.2d 164 (Pa. Cmwlth. 2003); an employer knew of the injury but did not acknowledge the claim, *Second Breath v. Workers' Compensation Appeal Board (Gurski)*, 799 A.2d 892 (Pa. Cmwlth. 2002); or the employer did not submit medical evidence and accepted the claim mid-litigation, *Elite Carpentry Contractors v. Workmen's Compensation Appeal Board (Dempsey)*, 636 A.2d 250 (Pa. Cmwlth. 1993). The Association argues that Employer did not issue a compensation document to recognize the injury in order to avoid the shift in burden of proof to Employer to terminate, modify, or suspend the compensation. Therefore, the Association contends that the Board should be reversed.

8

course of litigation that no NCP or NCD had been timely filed; thus, it was error for the WCJ to find the contest was not unreasonable.

Moreover, Claimant argues Employer's contest was unreasonable because Employer did not present any conflicting medical evidence, instead agreeing to stipulate to the findings of Dr. Krywicki. Based upon Dr. Krywicki's uncontradicted report and Claimant's testimony, the WCJ found Claimant sustained an injury resulting in a puncture wound "causing a laceration to the branches of the posterior cutaneous nerve." (*Id.* at 25.) Despite this and the fact that Employer paid Claimant's medical bills, the WCJ concluded that Employer's contest was not unreasonable because Claimant did not produce medical evidence for a specific injury other than a puncture wound until the March 15, 2018 hearing. However, the medical-only NCP that Employer finally filed only described Claimant's injury as "[p]unctured [l]eft [u]pper [a]rm." (*Id.* at 27.) By not issuing the medical-only NCP within 21 days of notice of the injury and denying every element of the Claim Petition in its Answer, Employer required Claimant to litigate the injury that it had previously acknowledged by paying Claimant's medical bills. Further, Employer did not demonstrate a reasonable basis for questioning Claimant's allegations as to his injury and did not present evidence rebutting Claimant's allegations. Therefore, this was an unreasonable contest and the WCJ's decision not to award attorney fees was an abuse of discretion and contrary to law. Claimant asks this Court to adopt a rule that "'medical[-]only' cases must be accepted with an NCP or medical[-]only NCP or the employer will and must be held liable for attorney fees and/or penalties." (*Id.* at 30 (emphasis omitted).)

Employer in response asserts that the Board did not err in finding that Employer's contest was reasonable based upon the totality of the circumstances,

9

arguing as follows. The WCJ determined, based upon Employer's evidence, that Employer's contest was reasonable because Claimant failed to present medical evidence supporting the injury alleged in his Claim Petition. As evidenced by the record, Claimant's Claim Petition was filed without medical evidence to support the specific injury that he claimed, and Claimant did not produce that evidence until the final hearing. There is no evidence in the record indicating that Employer contested the claim for purposes of harassing Claimant, nor was there prejudice or harm to Claimant from Employer's contest. Claimant acknowledged that his medical bills have been paid, he is not actively treating for his injury, and he last sought treatment for this injury on August 31, 2017. Claimant is no longer working for Employer and nothing in the record indicates Claimant was prejudiced. Therefore, under the totality of the circumstances, there is no evidence indicating Employer's contest was unreasonable.

## III. Discussion

Section 440(a) of the Act governs the assessment of attorney fees and provides:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part **shall be awarded**, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees **may be excluded when a reasonable basis for the contest has been established by the employer or the insurer**.

77 P.S. § 996(a) (emphasis added). "Whether or not there has been a reasonable basis for contesting a claimant's award of benefits depends upon both the facts and the legal issues involved in each case." *Orenich v. Workers' Comp. Appeal Bd. (Geisinger Wyoming Valley Med. Ctr.)*, 863 A.2d 165, 171 (Pa. Cmwlth. 2004). However, the question of whether a contest is reasonable "is a question of law fully reviewable by this [C]ourt." *Elite Carpentry Contractors v. Workmen's Comp. Appeal Bd. (Dempsey)*, 636 A.2d 250, 251 (Pa. Cmwlth. 1993). This Court has determined that "[a] reasonable contest is established when medical evidence is conflicting or susceptible to contrary inference and there is an absence of evidence that an employer's contest was frivolous or filed to harass a claimant." *Orenich*, 863 A.2d at 171 (quotation omitted). It is the employer's burden "to present sufficient evidence establishing the reasonable basis for a contest." *Lemansky v. Workers' Comp. Appeal Bd. (Hagan Ice Cream Co.)*, 738 A.2d 498, 501 (Pa. Cmwlth. 1999). We are cognizant that the purpose behind Section 440(a) of the Act is "to deter unreasonable contests by employers and to insure that a successful claimant receives compensation undiminished by necessary costs of litigation." *Lindemuth v. Workers' Comp. Appeal Bd. (Strishock Coal Co.)*, 134 A.3d 111, 127 (Pa. Cmwlth. 2016) (quotation omitted). Further, Section 440(a) "shows a legislative intent of protecting claimants against unreasonable contests of a claimant's initial or continuing right to the benefits of the [A]ct . . . where a monetary award is not possible." *Weidner v. Workmen's Comp. Appeal Bd.*, 442 A.2d 242, 244 (Pa. 1982).

Claimant contends that he is entitled to attorney fees under Section 440(a) because Employer engaged in an unreasonable contest when it did not issue the medical-only NCP within 21 days of notice of the injury, denied all allegations in

11

the Claim Petition, and forced Claimant to litigate an injury of which it was previously on notice. Section 406.1(a) of the Act governs the issuance of a compensation document and provides as follows:

> The employer and insurer shall promptly investigate each injury reported or known to the employer and shall proceed promptly to commence the payment of compensation due either pursuant to an agreement upon the compensation payable or a[n NCP] as provided in section 407 or pursuant to a notice of temporary compensation payable as set forth in subsection (d), on forms prescribed by the department and furnished by the insurer. The first installment of compensation shall be paid not later than the twenty-first day after the employer has notice or knowledge of the employe's disability. Interest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum. Any payment of compensation prior or subsequent to an agreement or [NCP] or a notice of temporary compensation payable or greater in amount than provided therein shall, to the extent of the amount of such payment or payments, discharge the liability of the employer with respect to such case.

77 P.S. § 717.1(a). "If an employer fails to issue a[n NCP] or [NCD], thus forcing the claimant to litigate the compensability of the injury, the employer will be liable for the payment of the claimant's attorney's fees unless it can prove the contest was reasonable." *Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison)*, 819 A.2d 164, 170 (Pa. Cmwlth. 2003).

This Court has explained the importance of the requirement for timely issuing an NCP or NCD, stating that "[u]nder the usual practice of [WC] when an employee is injured, the employer issues an NCP to identify the nature of the injury and specify the amount of money being paid to the employee." *Orenich*, 863 A.2d at 169. This "places the burden of proof on the proper party [that] wishes to make a challenge to either the medical bills or the compensation being paid." *Id.* at 169-70. Once the proper documentation is issued, such as an NCP,

12

"the burden is properly on the employer" when it seeks to terminate paying medical bills or benefits. *Id.* at 170. Then, if an employer seeks to challenge a medical bill or the compensation being paid, or to terminate benefits entirely, the employer is able to do so through review of the NCP, at which time the burden will be on the employer. Conversely, "the burden would be on the employee, by filing a claim petition, who believes that he or she is entitled to compensation because the injury has resolved into a disability causing loss of earning power or to add additional injuries to the NCP, which the employer disputes." *Id.* Therefore, the timely issuance of an NCP acknowledging the injury "allows for utilization review of treatment, and keeps the burden of proof on the proper party to prove what otherwise would not be possible without an NCP." *Id.* Accordingly, where an NCP is timely issued, the employee has the opportunity to petition to amend the NCP later to add additional injuries pursuant to Section 413 of the Act, 77 P.S. § 772.[8] With this understanding of the purpose and of an employer's statutory obligation to timely issue a compensation document, we turn to the cases relied upon by the parties.

In *Waldameer Park*, upon which Claimant relies, we explained the concept of a reasonable contest where, similar to here, the employer failed to comply with Section 406.1(a) of the Act. In that case, the claimant sustained a work-related injury while working a summer job and experienced persistent symptoms after returning to college in the fall. The claimant then filed a claim petition seeking only acknowledgment of the injury and noting that she wanted to be protected in

---

[8] Specifically, Section 413 provides in relevant part that a WCJ "may, at any time, modify, reinstate, or terminate a[n NCP] . . . upon petition filed by either party with the department, upon proof that the disability of an injured employe, has increased, decreased, recurred, or has temporarily or finally ceased . . . ." 77 P.S. § 772.

the event that she needed treatment or suffered disability arising from her work-related injury in the future. After evidence from both the claimant's and the employer's experts, the WCJ granted the claim petition, ordering the employer to pay all of the claimant's future medical expenses and granting attorney fees on the basis that the contest was unreasonable for "forc[ing] [the c]laimant to litigate whether the injury occurred and whether [the e]mployer had notice of the injury" when the employer already knew of the injury. *Waldameer Park*, 819 A.2d at 168. The Board affirmed, and the employer appealed.

With regard to whether the employer's contest was reasonable, we explained that the employer knew of the claimant's injury and paid for the claimant's medical bills, but the employer never issued an NCP. This "force[d] [the claimant] to hire an attorney" to file a claim petition on her behalf, we reasoned, and then the employer denied all allegations of the claim petition, forcing litigation of whether the injury occurred and whether the employer had sufficient notice of the petition. *Id.* at 170. We stated "it is reasonable to conclude that if [the e]mployer would have followed the Act by issuing a[n NCP] acknowledging that [the c]laimant did in fact suffer a right hand injury, it is quite possible that [the c]laimant never would have needed to hire an attorney and incur attorney fees." *Id.* at 171. Further, because the claimant was not seeking wage loss benefits, there would have been nothing further to litigate if the employer had issued the NCP. Therefore, we concluded that the WCJ did not err in assessing unreasonable contest attorney fees. *Id.*

Similarly, in *Lemansky*, this Court determined an employer's contest was unreasonable where the employer had notice of the injury but did not formally acknowledge it through timely issuance of the appropriate document. The

claimant in *Lemansky* sustained two separate injuries while working, and the employer paid for total disability benefits and lost wages for the injuries. When the claimant underwent surgery for his second injury, the employer's insurance carrier notified the claimant that it would pay the medical bills associated with the injury, but, based upon the insurer's policy, would not issue documentation for the compensability for that injury. The insurer considered the second injury a medical-only claim because the claimant did not suffer a loss of earnings for that injury due to the claimant already receiving total disability benefits based upon the first injury. The claimant filed a claim petition seeking the suspension of the disability benefits related to his second injury, and the employer filed an answer denying all the allegations. The WCJ concluded the employer's contest of the claim petition was reasonable, and the Board affirmed.

On appeal, we reversed. *Lemansky*, 738 A.2d at 503. The claimant contended that he did not seek additional compensation through his claim petition, but rather "a suspension of his right to future compensation [for the second injury] should his original carpal tunnel injury resolve." *Id.* at 501. The employer asserted that its insurer's policy of not issuing compensation documents for medical-only cases was justified by the Act. We determined that the employer's argument ignored the employer's obligation under Section 406.1 of the Act to promptly investigate reported injuries. In that case, we noted the claimant, "[h]aving received tacit acknowledgment in the form of medical payments that his neck injury was work-related . . . requested that [the e]mployer formally acknowledge the injury . . . ." *Id.* at 502. When the insurer would not issue the document for the medical-only case, we explained that the claimant was required to file a claim petition to protect his future rights related to the second injury.

15

Emphasizing that the WCJ found as fact that the employer paid the medical bills for the injury, and denied all of the allegations in the claim petition, but admitted during testimony to knowledge of the work-related injury, we reasoned the "[e]mployer's action necessitated that [the c]laimant incur additional attorney's fees resulting from the prosecution of his claim petition." *Id.* Accordingly, we reversed the Board.

Citing *Lemansky* and *Waldameer Park*, we reached a similar conclusion in *Orenich*. In *Orenich*, the claimant sustained a work-related injury in November 2000 that resulted in neck pain. The employer's insurance fund paid for the claimant's medical bills for this neck injury without issuing an NCP, but acknowledged in a February 2001 letter from its WC coordinator that the claimant had a medical-only claim. In May 2001, the employer issued an NCD refusing to pay some of the claimant's medical bills on the basis that they were unrelated to the work-related injury. The claimant filed a claim petition, asserting an injury to her neck and arm as a result of her November 2000 work incident. The employer filed an answer denying all the allegations. After hearings with medical reports from two different experts and deposition testimony, the WCJ granted the claim petition for "cervical or paracervical strain/sprain and the aggravation of an underlying degenerative process," but did not award penalties or an unreasonable contest fee. *Orenich*, 863 A.2d at 168.

Relying upon our decisions in *Waldameer Park* and *Lemansky*, we disagreed with the WCJ as to the penalties and the reasonableness of the employer's contest. With respect to the reasonableness of the contest, we stated "[i]n this case, as in *Waldameer Park*, [the e]mployer acknowledged that [the c]laimant suffered a work-related injury by paying [the c]laimant's medical expenses . . . ." *Orenich*,

16

863 A.2d at 171. However, despite those acknowledgments, the employer issued an NCD in May 2001 with regard to certain medical bills, "forc[ing] [the claimant] to file a claim petition," and requiring litigation of whether the injury occurred and whether there was sufficient notice thereof despite the fact that the "[e]mployer clearly knew the injury occurred because it treated [the c]laimant for the injury, paid her medical bills, and acknowledged the injury in [a] February 27, 2001 letter." *Id.* at 172. Accordingly, because the employer had notice of the injury, paid medical benefits related to "that injury, and failed to file an NCP or NCD within 21 days," as required, we concluded the employer did not have a reasonable basis for the contest. *Id.*

Employer contends that *Waldameer Park* and *Lemansky* are distinguishable from the present case, asserting that Claimant sought through his claim petition recognition of an injury different than that of which he had given Employer notice. Therefore, Employer asserts that this case is more akin to *Brutico v. Workers' Compensation Appeal Board (US Airways, Inc.)*, 866 A.2d 1152 (Pa. Cmwlth. 2004), in which we distinguished *Waldameer*. In *Brutico*, the claimant suffered a work-related back injury, reported the injury three days later, and received treatment for "cervical, thoracic and lumbrosacral strains," for which the employer paid. 866 A.2d at 1153. After the claimant completed physical therapy, she saw a chiropractor for ongoing back pain, at which time the employer issued an NCD acknowledging the injury, but declining to pay benefits on the basis that the injury was not disabling. The claimant then filed a claim petition asserting work injuries in the nature of "cervical upper back, low back radiating into both legs" and a "disc herniation resulting from the work injury" from which she had not recovered, and seeking unreasonable contest attorney fees. *Id.* at 1154. The employer denied the

allegations in the claim petition, and the WCJ determined the claimant did not suffer a herniated disc. With regard to the reasonableness of the contest, the WCJ concluded the employer's contest was reasonable and did not award attorney fees. The Board affirmed and, on appeal before this Court, the claimant asserted, *inter alia*, that the WCJ erred in finding the contest reasonable because the employer had acknowledged the injury and did not issue a medical-only NCP, which required the claimant to file a claim petition.

We disagreed with the claimant that the employer's contest was unreasonable based upon our holding in *Waldameer Park*. While the claimant in *Waldameer Park* may never have needed to hire an attorney to litigate the claim petition if the employer had issued the NCP, we reasoned that the claimant in *Brutico* "would have had to hire an attorney regardless of whether [the e]mployer filed a timely NCP or NCD when she was first injured because the nature of her injuries had changed." *Brutico*, 866 A.2d at 1157. Although the claimant "originally suffered cervical, thoracic and lumbrosacral strains," we noted she alleged in her claim petition "cervical upper back, low back radiating into both legs and that she had not recovered from the disc herniation resulting from that work injury." *Id.* (internal quotation marks omitted). Unlike in *Waldameer Park*, if the employer in *Brutico* had timely filed an NCP or NCD at the time of the original injury, it would not have saved the claimant the cost of litigating the claim because the injuries detailed in the claim petition "were distinctly different from those originally claimed for which the [e]mployer admitted were work-related." *Brutico*, 866 A.2d at 1157. Moreover, at the hearing, the employer presented medical evidence found credible, that indicated the claimant was not suffering from a disc herniation; thus, there was "a genuinely disputed issue." *Id*. Therefore, we

18

affirmed, concluding that the WCJ did not err in determining the employer presented a reasonable contest. *Id.*

Upon review, we find Claimant's case to be more similar to *Waldameer Park*, *Lemansky*, and *Orenich* than *Brutico*. Unlike in *Brutico*, where the timely issuance of an NCP or NCD would not have prevented the parties from needing to litigate the claim petition, had Employer here timely issued the actual medical-only NCP that it eventually filed, the parties would not have had to appear at hearings before the WCJ to litigate the injury. Based upon our review of the record, it is evident that Employer was aware of the injury for which Claimant sought recognition. Employer's Counsel appeared to recognize this at the first hearing, stating "if they're just going with, like, a puncture wound **or numbness** and he hasn't sought any treatment after April of 2016, **I don't see a need to get him examined**." (R.R. at 62a (emphasis added).)

Claimant suffered the puncture wound to his left arm which was a work-related injury on February 27, 2016. Claimant notified Employer of this injury on March 7, 2016. Yet, Employer never issued an NCP or NCD within 21 days of March 7, 2016; thereby violating Section 406.1(a) of the Act. Because of Employer's failure to file the medical-only NCP or any other compensation document, Claimant had to file his Claim Petition within three years of the work-related injury of February 27, 2016, or any future medical bills related to that injury or complications arising therefrom would be lost for purposes of the Act. *See* Section 315 of the Act, 77 P.S. § 602.[9] Claimant filed the present Claim

---

[9] Section 315 provides in relevant part:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the

**(Footnote continued on next page…)**

19

Petition, alleging a "[p]uncture wound to the left elbow, causing permanent numbness in the left elbow region." (R.R. at 5a.) Employer filed an answer denying **all** of the allegations of a work-related injury in the Claim Petition despite the facts that: Employer had notice of this injury; Employer's doctors had treated Claimant for the injury; Employer's claims administrator acknowledged notice of the injury; and Employer had paid the medical bills for the injury.

Further, when the WCJ inquired in the first hearing as to whether Employer denied the puncture wound Employer's counsel stated, "[n]o[, w]e paid – essentially, we paid the two medical bills." (*Id.* at 58a.) Moreover, Employer stated it did not anticipate requiring Claimant to be examined if he was attempting to establish "a puncture wound **or numbness**." (*Id.* at 62a (emphasis added).) However, Employer required Claimant to produce an expert and, when unable to get a report from Employer's doctors who treated Claimant, Claimant produced a report from Dr. Krywicki. Based on Dr. Krywicki's review of the notes of Claimant's treating doctors and his examination of Claimant, he concluded that Claimant's work injury "was the cause of the posterior cutaneous nerve laceration creating the permanent numbness that [Claimant] has to the left elbow region," (*id.* at 133a). As Employer had stated from the beginning, since Claimant established "a puncture wound or numbness," (*id.* at 62a), Employer presented no contrary evidence to contest the Claim Petition and, in fact, was willing to stipulate to the findings of Dr. Krywicki's report as soon as Claimant produced it. The medical-

---

**(continued…)**

> compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

77 P.S. § 602.

20

only NCP Employer then finally issued stated the recognized injury as a "punctured left upper arm," (R.R. at 160a), and did not recognize a separate numbness injury. These actions by Employer are consistent with a recognition that the numbness was part of the puncture wound and not a different or separate injury. Otherwise, it would be difficult to explain how, after the end of the proceedings, without contesting Claimant's injury and agreeing to stipulate to the findings of a puncture wound and numbness in Claimant's expert's report, a medical-only NCP that did not separately include numbness could have been issued in good faith. We are, therefore, not persuaded by Employer's argument that its contest was reasonable because Claimant sought to establish a different or more extensive injury in the Claim Petition than the injury of which it had notice.

In sum, Employer violated the Act when it did not timely issue the medical-only NCP as required under Section 406.1(a) of the Act, and required Claimant to file a Claim Petition in order to force it to comply with its duties under the Act. Despite Employer's knowledge of the occurrence and injury, it denied every single allegation of the Claim Petition, requiring Claimant to hire an attorney, produce evidence of the injury of which it had notice, and hire an expert to review the medical records of Employer's physicians who treated Claimant, in order to support the Claim Petition. Employer did not present any evidence in opposition to Claimant's allegation of injury and stated that no examination would be necessary if the allegations were based on the puncture wound injury and numbness, which it was. (R.R. at 62a.) Although agreeing to stipulate to the injury as set forth in Dr. Krywicki's report, which included permanent numbness, Employer then issued a medical-only NCP after the final hearing that recognized the injury of which it had been on notice from the beginning. In their entirety,

21

Employer's actions are inconsistent with Employer's responsibilities under the Act, and we cannot consider them a reasonable basis for contesting the Claim Petition.[10] Under Section 440(a) of the Act, Claimant "**shall be** awarded" attorney fees unless Employer establishes a reasonable basis for the contest, and Employer has the burden of proving such a reasonable basis. 77 P.S. § 996(a) (emphasis added). Employer did not meet that burden here, and as we conclude Employer's contest was unreasonable, Claimant is entitled to attorney fees under the Act. Accordingly, the WCJ erred when he determined otherwise, and we reverse and remand to the Board with instructions to remand to the WCJ to award Claimant reasonable attorney fees as required under the Act.[11]

## IV. Conclusion

Our review of the record shows Employer presented an unreasonable contest to the Claim Petition because it violated the Act by failing to timely issue a

---

[10] We recognize that Claimant agreed to pay "an attorney's fee of twenty (20%) percent of any award that [Claimant] may receive . . . ." (R.R. at 124a.) We note that this type of contingent fee arrangement is typical in WC cases and necessary so that claimants can receive counseled representation. *See Weidner*, 442 A.2d at 244. Where, as here, a claimant must hire counsel to litigate a medical-only claim, where the medical payments have already been paid, there is little prospect of an award from which counsel can be paid if attorney fees are not ordered. Yet, had Claimant not filed the Claim Petition here, Claimant would not have received the documentation of his work-related injury necessary to properly place his injury of record, documentation that Employer was required under the Act to have filed. If Claimant had not filed a Claim Petition within three years, his claim would be forever barred, and, notwithstanding that Employer paid for his medical treatment, Employer could have refused any further responsibility should Claimant suffer further from this work-related injury in the future. If attorney fees are not awarded in a case such as this, future claimants may not be able to find counsel to represent them in such situations, even when there is a clear violation of the Act.

[11] Claimant also contends that the WCJ erred by not issuing a reasoned decision as required under Section 422(a) of the Act, 77 P.S. § 834. Because we conclude that the WCJ erred by not assessing attorney fees and reverse the Board's Order and remand this matter, we need not reach this issue.

medical-only NCP, it denied all allegations in the Claim Petition that Claimant had to file, it was aware of the injury for which it ultimately and untimely issued the medical-only NCP, and it did not present any evidence to contest the Claim Petition. Accordingly, we reverse the Board's Order and remand to the Board with instructions to remand to the WCJ to award reasonable attorney fees.

_____

**RENÉE COHN JUBELIRER,** Judge

23

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Gabriel, : 
             Petitioner : 
              : 
         v. :   No. 1499 C.D. 2019
              : 
Workers' Compensation Appeal : 
Board (Procter and Gamble : 
Products Company), : 
             Respondent : 

## **O R D E R**

**NOW**, September 11, 2020, the Order of the Workers' Compensation Appeal Board (Board) is **REVERSED**, and this matter is **REMANDED** to the Board with instructions to remand to the Workers' Compensation Judge to award reasonable attorney fees consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** Judge